## GEORGIA RAILWAY & ELECTRIC CO. *v.* GATLIN.

1. Under the facts of this case, a reversal will not be granted on the ground that the presiding judge charged the jury in regard to the failure of the conductor of a street-car to see and obey a signal given by a passenger in order to cause the car to be stopped at a street crossing, so that the passenger might leave the car, the contention being that such ground of alleged negligence had been eliminated on demurrer.

2. It was erroneous to charge that the jury could not find for the plaintiff on the allegation of negligence that the door of the car was open, "if you also believe that she [the passenger injured] was not in the exercise of ordinary care in respect to the door, and that the open door was not negligence, or was not the proximate cause of the injury."

(*a*) The pleadings and evidence did not show that the leaving open of the door between the body of the car and the platform, about the middle of September, as was shown by the plaintiff to have been usual at that season, was a negligent act proximately causing the injury, relatively to a passenger eighteen years old, who, in order to leave the car, had voluntarily partially or wholly passed through the door before being injured.

(*b*) It was error to charge conjunctively that the plaintiff could not recover on account of the door being open, if the jury also believed that the injured person was lacking in ordinary care in respect to the door and that leaving the door open was not negligence or was not the proximate cause of the injury.

3. The petition having alleged that, after a conductor of a street-car had failed to obey a signal given by a passenger in order to cause the car to be stopped at the next crossing, the passenger went to the rear of the car in order to again notify the conductor, and that the speed of the car was suddenly and violently checked, throwing her off and injuring her, and there being evidence that, when the signal to stop was given, there was a sudden checking of the speed, causing a jerk, the front of the car plunging forward and the rear end being lifted up, there was no error in charging in regard to a jerk "forward," on the ground that the petition did not allege such negligence.

4. Without discussing whether the language of Mr. Justice Blandford in *Cheeves* v. *Danielly,* 80 *Ga.* 114, 116 (4 S. E. 902), was entirely apt as applied to the facts of the case then being discussed, its use in charging in the present case was not accurate in stating that if an act complained of, though it may in some degree contribute to an injury, is so small and of such a character as would not of itself produce the injury,

"and is of itself an innocent act," and there are other and contingent circumstances which greatly preponderate in producing the injury, there can be no recovery; but that if the act complained of directly produces damage, however small the act may be, then it may be the subject of recovery.

5. While the judge should give in charge the substantial law of the case on trial, he is not required to comply with requests which select certain features of it and invoke argumentative instructions in regard to them.

AUGUST 18, 1914. REHEARING DENIED SEPTEMBER 15, 1914.

Action for damages. Before Judge Ellis. Fulton superior court. July 5, 1913.

*Colquitt & Conyers,* for plaintiff in error.

*P. C. McDuffie,* contra.

LUMPKIN, J. Charles C. Gatlin brought suit against the Georgia Railway and Electric Company to recover for an injury to his minor daughter, alleged to have been caused by the negligent conduct of the employees of the defendant in operating a street-car on which the girl was a passenger. The plaintiff obtained a verdict for $250. The defendant moved for a new trial, which was refused, and it excepted.

1. It was contended that the court erred in submitting to the jury, as a ground of negligence, the failure of the conductor to see a signal by the injured passenger and to stop the car at the next street crossing. The reason why it was urged that it was error was that this alleged ground of negligence had been stricken from the petition on demurrer. The presiding judge seems to have considered that some parts of the petition had been stricken, and in his charge instructed the jury not to consider parts marked out with a pencil. But it is impossible for us to ascertain, from the record before us, what those parts were. From the record it appears that there was a demurrer to the petition as a whole and to certain parts of it; that the demurrer was sustained with leave to amend; and that there was an amendment, which reiterated that the conductor failed to stop on the first signal, and that the plaintiff's daughter went to the rear of the car, where the conductor was, and again notified him. It was averred that "the defendant was negligent in all particulars aforesaid," and in certain respects particularly mentioned. No other demurrer or order appears. From this it would seem that the matter of failing to observe and comply with the first signal was still in the case, and we can not say that there

was error in charging in regard to it. Of course the court should not charge in regard to the merits of matters stricken from the case on demurrer; though it is proper to caution the jury not to consider matters so stricken.

2. The court charged: "You could not find for the plaintiff on the allegation of negligence that the door was open, if you also believe that she was not in the exercise of ordinary care in respect to the door, and that the open door was not negligence, or was not the proximate cause of the injury." No facts were alleged or proved to show why leaving the rear door of the car open was an act of negligence or constituted any breach of duty toward the passenger. We can conceive of circumstances under which this might amount to negligence; but no such case is made here. A girl, eighteen years of age, was riding on the street-car and desired to alight. She testified that she voluntarily left her seat and was in the door or just outside of it on the platform—it is not very clear which—when the speed of the car was suddenly slackened, causing a jerk which threw her off. She testified that the rear door was open; that in cold weather it was usually closed, but in September, when the injury occurred, it was usually kept open. When the car failed to stop at the point where she intended to alight, she left her seat and went to the rear of the car in order to have the car stop that she might alight. If she was standing in the door or had passed through it on to the platform, it can not be readily seen how the door being open before that time would constitute any breach of duty as to her proximately causing injury. The condition of the door was a fact which could be proved, like other surrounding facts; but it does not appear to have been an act of negligence proximately causing damage, the injury complained of having resulted, not by reason of any exposure to the weather or drafts or the like, caused by the open door, or by reason of being thrown from the car through an open door, but from being thrown off of the car after having voluntarily wholly or partly passed through the door in order to leave the car. *Hardwick* v. *Georgia Railroad &c. Co.*, 85 *Ga.* 507 (11 S. E. 832). The charge should not have been given at all. But if the allegations and evidence had authorized a submission to the jury of the question whether leaving the door open was an act of negligence, it was error to instruct them in effect that the plaintiff could not recover if they should be-

lieve that she was lacking in ordinary care in regard to the door, *and* that leaving the door open was not negligence, or was not the proximate cause of the injury. If leaving the door open was not negligence, it would furnish no ground for recovery whether the plaintiff "also" failed to exercise ordinary care or not. While the presiding judge elsewhere charged on the subject of negligence on the part of the plaintiff which would prevent a recovery, he did not correct this erroneous coupling of two requirements in order to prevent the leaving open of the door from furnishing a basis of recovery.

3. The petition alleged that the manner in which the brakes were applied caused the speed of the car to be suddenly and violently checked, resulting in causing the plaintiff to be thrown from the car into the street. There was no averment that the resultant jerk was in a backward direction instead of a forward one. The girl testified, that when the conductor gave the signal to stop, the speed was decreased with a jerk, and that the front of the car plunged forward and the rear was somewhat lifted up, throwing her off. It is well known that the bodies and trucks of street-cars do not form a rigid whole, and a sudden stop while the car is running at high speed may cause a jerk or series of jerks. The effort to have it declared as a matter of law that if there was a forward jerk, the allegata and probata were so different as to prevent a recovery, involved too restricted a view; and the presiding judge properly refused to adopt it.

4. Error was assigned on the following charge of the court: "If the act complained of, though it may in some degree contribute to the injury, is so small and of such a character as would not of itself produce the injury, and is of itself an innocent act, and there are other and contingent circumstances which greatly preponderate in producing the injury, then damages can not be recovered therefor; but if the act complained of produces directly the damage, however small such act may be, then it may be the subject of recovery." The objections were that this charge might permit a recovery for the results of an act which was not negligent, and that the expression, "is of itself an innocent act," made the innocent quality of the act necessary to prevent a recovery, although such act might be insignificant in character, and contingent circumstances might greatly preponderate in producing the injury. The language em-

ployed was not apt, in view of the evidence. It is true that it was taken from the opinion of Mr. Justice Blandford in *Cheeves* v. *Danielly*, 80 *Ga*. 114, 116 (4 S. E. 902). But, without discussing the accuracy of expression as applied to the facts of the case then under consideration, it does not follow that language used by a Justice of this court in deciding a case is always appropriate for use by the judge of the trial court in charging in another case with different facts. *Atlanta & West Point R. Co.* v. *Hudson*, 123 *Ga*. 108 (51 S. E. 29). It was perhaps natural for the presiding judge in the present case to have followed the language of the opinion in that case; but on the next trial it will be better not to do so.

5. Most of the charges requested by counsel for the defendant were argumentative in character, and were properly refused, for that reason if for no other. It is the duty of the presiding judge to instruct the jury as to the substantial law of the case, but not to select certain features of the plaintiff's case and give argumentative charges in regard to them.

There may have been some other small inaccuracies of expression in portions of the charge, but upon a second trial they will doubtless not be repeated.

*Judgment reversed.    All the Justices concur.*