### 15988.    KATO *v.* THE STATE.

Disqualification of a grand juror because his name was not on the grand-jury list or in the grand-jury box, and disqualification because of residing in another county, were matters of objection propter defectum, which could not avail the defendant when raised for the first time by motion for a new trial.

DECIDED JANUARY 13, 1925.

Conviction of wife-beating; from Bacon superior court—Judge Summerall.    October 11, 1924.

*I. J. Bussell,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

BLOODWORTH, J.    The defendant's motion for a new trial in this case is based upon alleged newly discovered evidence that two of the grand-jurors finding the indictment against him were dis-

qualified; one because his name did not appear on the grand-jury register or grand-jury list, or in the grand-jury box; and the other because he lived outside the county. The indictment under which the defendant was convicted was filed in court on January 26, he was arrested on that day, and was tried on January 28. He filed no challenge to the array of the grand jurors or plea in abatement to the indictment. The alleged disqualifications "are matters of objection in their nature propter defectum; and when relied on as grounds for showing illegality of the grand jury returning an indictment, all such objections should be made by a proper challenge to the array of grand jurors before the indictment is found, where the illegality was known, or, if not known by the defendant or his attorney at law before indictment, by plea in abatement to the indictment. *Turner* v. *State,* 78 *Ga.* 174; *Folds* v. *State,* 123 167 (51 S. E. 305); *Tucker* v. *State,* 135 *Ga.* 79 (68 S. E. 786). Where there is no such challenge or plea in abatement, such questions can not be raised for the first time after verdict, by motion for a new trial. *Jordon* v. *State,* 119 *Ga.* 443 (46 S. E. 679). . . The fact that the defendant may have been ignorant and incarcerated in the jail prior to his indictment, and unable to employ counsel, and that immediately after the return of the indictment he was put on his trial, and the attorney at law then appointed for him by the court did not have any opportunity to make any investigation, would not render his conviction illegal on the account of a disqualification of the grand-jurors." *Lumpkin* v. *State,* 152 *Ga.* 229 (7, 9) (109 S. E. 664).

Under the authorities cited above and the facts of the instant case, the judgment overruling the motion for a new trial must be

*Affirmed. Broyles, C. J., and Luke, J., concur.*