## BROWN v. THE STATE.

Hines, J. 1. The defendant in his statement to the jury gave this account of the circumstances under which he shot and killed the deceased: One of his boys got his pistol from under a mattress where he had left it. He gave the boy a good whipping with a leather strap, to let him know that he must let his pistol alone. The deceased, who was the grandfather of the whipped boy, called to the defendant, who was in the kitchen which stood off and apart from the dwelling-house, and cursed him because he had whipped the boy, and told him that he would have killed him a long time ago if it had not been for his children. The defendant went from the kitchen into the house, and the deceased also came into it. The deceased and his son Tom were whispering. The defendant heard the deceased say to his son, "I am going to kill him." When he did, the defendant got his pistol and walked out on the piazza. He had the pistol in his bosom. The deceased said he was going to kill him; and when the deceased said that, the defendant shot him. The deceased kind of raised up to shoot defendant, and the defendant shot him. The evidence, though conflicting, authorized the finding that a pistol was found undrawn in the pocket of the deceased after he was killed. *Held:*

(a) In all cases of voluntary manslaughter there must be some actual assault upon the person killing, or an attempt by the person killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion, and to exclude all idea of deliberation or malice, either express or implied. Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. Penal Code, § 65.

672

(b) The circumstances attending the homicide, as depicted by the defendant in his statement, do not show an assault upon him, or an attempt by the deceased to commit a serious personal injury on him, or other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied.

(c) The provocation given by the deceased to the defendant consisted wholly of words and menaces.

(d) Neither the evidence nor the statement of the defendant disclosed a mutual intent by the deceased and the defendant to fight.

(e) Applying the principles above ruled, the court did not err in refusing to give to the jury instructions, duly requested by the defendant, relating to the law of voluntary manslaughter as embraced in section 65 of the Penal Code, and to voluntary manslaughter arising from a mutual intent to fight.

2. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*

No. 7147. JUNE 12, 1929.

*M. C. Barwick* and *I. W. Rountree,* for plaintiff in error.

*George M. Napier, attorney-general, Marvin L. Gross, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.