## JOHNSON v. THE STATE.

No. 8450.　November 11, 1931.

*J. W. Smith* and *S. B. Lippitt,* for plaintiff in error.

*George M. Napier, attorney-general, Robert B. Short, solicitor-general, T. R. Gress, assistant attorney-general,* and *Bennet & Peacock,* contra.

HINES, J. (After stating the foregoing facts.)

The court did not err in refusing to give in charge, as requested, the instruction set out in the first special ground of the motion for new trial. This request did not present a correct statement of the law upon the subject of the fears of a reasonable man as a justification for a homicide. To authorize an instruction upon this subject, "It must appear that the circumstances are sufficient to excite the fears of a reasonable man, and that the party killing acted under the influence of those fears, and not in a spirit of revenge." Penal Code, § 71. The instruction requested wholly omitted the essential element that to make the killing justifiable upon the ground that it was committed under the fears of a reasonable man, it must appear that the homicide was not committed in a spirit of revenge. This made the instruction incorrect. It did not state an accurate and correct principle of law upon the subject of reasonable fears as justification for a homicide. *Head* v. *State,* 168 *Ga.* 843 (149 S. E. 145). For this reason the court did not err in refusing to give the instruction requested. If the

request had embraced an accurate and correct statement upon the subject of reasonable fears as justification for homicide, the failure of the court to give it in charge would not require the grant of a new trial, for the reason that it was fully embraced in the charge as given by the court to the jury. In so far as it stated correct principles of law applicable to the case, the request was covered by the general charge. *McLain* v. *State,* 71 *Ga.* 279 (8); *Greer* v. *State,* 142 *Ga.* 66 (82 S. E. 484).

The judge gave in charge to the jury section 71 of the Penal Code in full. In this connection the judge further charged the jury that "in determining whether or not the circumstances were sufficient at the time of the killing to excite the fears of a reasonably courageous man that a felony was about to be committed upon him, or that his life was in danger, you will consider all the circumstances and facts given in the evidence of this case, together with the defendant's statement. I further charge you, in this connection, that an apparent danger is just as effectual for the purposes of a defense as a real danger, and the defendant is to be now judged by you in the light of the circumstances as they appeared to him, as a reasonably courageous man, at that time and under such circumstances. If you believe from the circumstances of the case, as the same have been presented to you by the evidence in the case, including the statement of the defendant, that the situation at the time of the homicide was such as to excite the fears of a reasonable man in the situation of the defendant that a felony was about to be committed upon him, or that his life was in danger, and that the defendant acted under those fears, and not in a spirit of revenge, and took the life of the deceased, then you should acquit him, and you should do so notwithstanding you may believe the defendant was in no danger, and that if he had not acted the deceased would not have committed any felony upon him. It is not necessary that there should have been any actual danger of a felony about to be committed on the defendant, provided the defendant, acting under the fears of a reasonable man, believed in good faith that he was in such danger." It will thus be seen that the doctrine of reasonable fears was fully presented to the jury; and that the request for instruction upon this subject, as far as it went, was clearly and fully covered by the more extended and correct instruction given to the jury by the judge upon this subject.

■ Did the court err in refusing to give to the jury, on request, the instruction set out in the second special ground of the motion for new trial? The court gave to the jury the definition of manslaughter embraced in section 64 of the Penal Code, and the definition of voluntary manslaughter embraced in section 65. The complaint is that the judge did not go further and give in charge the law of voluntary manslaughter arising from a homicide committed in mutual combat. It is insisted by counsel for the defendant that this grade of manslaughter was involved under the evidence, and that for this reason the court should have given the instruction as requested. On the other hand, it is insisted by counsel for the State that this grade of manslaughter was not involved under the evidence, and that for this reason, if the request set out a correct charge upon this subject, the court did not err in refusing it. Before looking to the evidence to determine whether the law applicable to manslaughter committed in mutual combat was here involved, we shall refer to some of the decisions of this court. If upon a sudden quarrel the parties fight upon the spot, or presently agree and fetch or draw their weapons and fight, and one of them is killed, such killing is but voluntary manslaughter, no matter who strikes the first blow. Being suddenly aroused by anger, and mutually intending to fight, the law of mutual combat is involved. Such combat sufficiently appears where it is shown that there was a mutual intent by the accused and deceased to fight, and one or more shots were fired. It makes no difference who fires the first shot, nor is it necessary that both parties shoot. *Gann* v. *State,* 30 *Ga.* 67; *Tate* v. *State,* 46 *Ga.* 148; *Carulhes* v. *State,* 95 *Ga.* 343 (22 S. E. 837); *Giles* v. *State,* 126 *Ga.* 549 (55 S. E. 405); *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862); *Buchanan* v. *State,* 153 *Ga.* 866 (113 S. E. 87); *Slocumb* v. *State,* 157 *Ga.* 131 (121 S. E. 116); *Daniels* v. *State,* 157 *Ga.* 780 (122 S. E. 223). Under the decisions defining mutual combat, does the evidence in this case show a homicide committed in mutual combat? In the statement of facts preceding this opinion we have set out the evidence bearing upon this subject, and the defendant's statement. The evidence for the State makes a clear case of unprovoked murder. The evidence introduced by the defendant and his statement tended to establish that he killed the deceased in self-defense or under the fears of a reasonable man that the

deceased was about to commit a felony upon his person. Where the evidence submitted by the State makes a case of unprovoked murder, and the evidence introduced by the defendant and his statement make a case of justifiable homicide, the evidence does not authorize and require the court to charge the law upon the subject of mutual combat and of voluntary manslaughter, either generally or as applicable to mutual combat. *Jordan* v. *State,* 117 *Ga.* 405 (43 S. E. 747); *James* v. *State,* 123 *Ga.* 548(5) (51 S. E. 577); *Crawford* v. *State,* 149 *Ga.* 485 (100 S. E. 633); *Brown* v. *State,* 151 *Ga.* 497, 501 (107 S. E. 536); *Campbell* v. *State,* 157 *Ga.* 233 (121 S. E. 306). We have set out in the statement of facts the evidence of the eye-witnesses touching the manner in which this homicide was committed. From this evidence it clearly appears that mutual combat was not involved. For this reason the court did not err in refusing to give to the jury the requested instruction upon this subject.

■ The evidence authorized the verdict; and the judge, under the rulings above made, did not err in refusing to grant a new trial. *Judgment affirmed. All the Justices concur.*