CORNELIOUS *v.* THE STATE.

No. 13886.   October 15, 1941.

28

*H. F. Griffin Jr.,* and *James D. Shannon,* for plaintiff in error. *Ellis G. Arnall, attorney-general, J. Eugene Cook, solicitor-general, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

ATKINSON, Presiding Justice. 1. In order to reduce a homicide from murder to voluntary manslaughter, as related to the doctrine of mutual combat, it should affirmatively appear that at the time of the homicide both parties were in position and manifested intention

to fight. Mere threats on the part of one party at the time of a fatal shot by the other will not suffice. *Tate* v. *State,* 46 *Ga.* 148; *Holland* v. *State,* 166 *Ga.* 201 (142 S. E. 739); *Brown* v. *State,* 168 *Ga.* 671 (148 S. E. 583); *Carter* v. *State,* 171 *Ga.* 406 (2) (155 S. E. 670). The evidence in the instant case failed to show voluntary manslaughter as related to the doctrine of mutual combat. It was not erroneous, as complained of in the first special ground of the motion for a new trial, for the judge to fail to give in charge to the jury the law of voluntary manslaughter as related to the doctrine of mutual combat.

2. Special ground 3 of the motion for new trial alleges that the court erred "in failing to charge or refer to or read in said charge to the jury section 26-1006 of the Code of 1933, defining manslaughter, and section 26-1007 of the Code of 1933, defining voluntary manslaughter, and Code section 26-1008, prescribing the punishment for voluntary manslaughter; all said sections being pertinent and applicable to the issue in said case as embodied in the movant's statement and the testimony of Essex Axom; that the said error of the court was harmful and prejudicial to movant, in that he was denied this said theory of his defense which, if considered by the jury, would not have subjected him to a verdict of guilty of murder and sentence of the court to die by electrocution." Manslaughter as defined in the Code, § 26-1006, includes the entirely different crimes of voluntary manslaughter and involuntary manslaughter. So also voluntary manslaughter as defined in § 26-1007, and punished as prescribed in § 26-1008, includes voluntary manslaughter where the killing is in the course of mutual combat, or under various circumstances where there is no mutual combat. Consequently the ground of the motion for a new trial quoted above does not more definitely specify wherein it is contended that the court erred than if it had merely stated that the court erred in failing to charge the law of voluntary manslaughter. It fails to specify definitely wherein the court erred, and therefore is insufficient to present any question for decision. *Smith* v. *State,* 125 *Ga.* 300 (54 S. E. 124); *Wilson* v. *State,* 156 *Ga.* 42 (118 S. E. 427); *Burley* v. *State,* 158 *Ga.* 849 (3) (124 S. E. 532); *Armstrong* v. *State,* 181 *Ga.* 538 (3) (183 S. E. 67); *Norris* v. *State,* 184 *Ga.* 397 (191 S. E. 375); *Bryant* v. *State,* 180 *Ga.* 238 (178 S. E. 651). See *Kennedy* v. *State,* 191 *Ga.* 22, 27, 28 (11 S. E. 2d, 179).

3. Ground 10 alleges error "in failing to charge the law of involuntary manslaughter," for stated reasons. On principles stated in the preceding division, this ground is too indefinite to present any question for decision. *Williams* v. *State,* 176 *Ga.* 372 (168 S. E. 5); *Harris* v. *State,* 178 *Ga.* 746 (3) (174 S. E. 240).

4. Special ground 2 of the motion for a new trial complains of certain excerpts from the charge relating to the defense of justifiable homicide based on the doctrine of reasonable fears. Code, § 26-1012. The criticisms of the charge are (a) that it "restricted too narrowly the theory of fears of a reasonably courageous man as a defense, and . . is not the law;" (b) that "the court should have charged that mere threats and menaces may under some circumstances be sufficient to justify the homicide, and that under some circumstances and conditions it is not essential that there should be an actual assault;" (c) that the charge "excluded . . from the consideration of the jury . . the defense as supported by the evidence, that threats and menaces would be sufficient to justify the fear of a reasonably courageous man that a felonious injury was about to be committed on his person." The criticisms (a) and (b) are too indefinite to present any question for decision. *Kennedy* v. *State,* supra. The charge as given is not open to the last designated criticism. The decision in *Montford* v. *State,* 144 *Ga.* 582, 585 (87 S. E. 797), relied on by the plaintiff in error, had reference to "reasonable fears" as mentioned in a different section of the Code (§ 26-402) relating to commission of crime under threats, and is not applicable to the instant case.

5. Ground 4 complains that the movant has been denied the rights guaranteed to him as a citizen of the United States by the 14th amendment of the Federal constitution (Code, § 1-815); that his privileges and immunities have been abridged, and he is being denied his life and liberty and equal protection of the law, "because negroes . . who were and are citizens and taxpayers of the county . . and qualified to serve on juries therein . . [have] been systematically knowingly and designedly . . excluded, on account of their race and color, from the jury-boxes; . . that the exclusion of members of movant's race, . . from the jury-boxes of said county . . was a discrimination against him as a member of the negro race, and was harmful and prejudicial to him on said trial, and . . the verdict of the jury and the sentence

of the court is . . for said reasons . . a nullity." Ground 5 is of similar import, except that the complaint is that *women* were excluded from the jury-boxes. Ground 6 complains that the Code, § 59-106, relating to revision of jury-lists, is violative of the above cited provisions of the Federal and State constitutions, because it provides that only *men* citizens shall be drawn, etc., and consequently it abridges the privileges and immunities guaranteed to the accused. These grounds of objection so raised, in order to present any question for decision, should have been urged before indictment if known, or by plea in abatement after indictment and before final trial. If not so made, and the defendant takes the chance of a verdict of acquittal by the jury, he will be held to have waived such grounds of objection, and will not be heard to make them for the first time in a motion for new trial after conviction. *Lumpkin* v. *State,* 152 *Ga.* 229 (7, 9) (109 S. E. 664) ; *Wilcoxon* v. *Aldredge,* 192. *Ga.* 634 (15 S. E. 2d, 873) ; *Kato* v. *State,* 33 *Ga. App.* 342 (126 S. E. 266) ; Washington *v.* State, 95 Fla. 289 (116 So. 470) ; Merriweather *v.* Commonwealth, 118 Ky. 870 (82 S. W. 592, 4 Ann. Cas. 1039) ; Watts *v.* State, 75 Tex. Cr. 330 (171 S. W. 202). In *Thompson* v. *Aldredge,* 187 *Ga.* 467 (200 S. E. 799), a habeas-corpus case, the indictment showed on its face that it was void, and the decision of this court holding that the trial judge erred in refusing to discharge the prisoner is inapplicable to the instant case on motion for a new trial, in which the indictment does not show invalidity upon its face.

6. "The fact that a member of the jury trying the case was a non-resident of the county in which the case was tried was a disqualification propter defectum, and, in the absence of challenge, was not ground for a new trial, no matter when the incompetency of the juror was discovered." *Taylor* v. *Warren,* 175 *Ga.* 800 (3) (166 S. E. 225). There is no merit in ground 7 of the motion for a new trial, which complains of disqualification of a juror because he was a non-resident of the county, a fact unknown to the defendant or his attorneys until after verdict. For similar reason there is no merit in ground 8, which complains that a juror was *incompetent* because he had pleaded guilty to a charge of misdemeanor by driving an automobile on the public highway while under the influence of liquor. It is not intended by this ruling to intimate that commission of such an offense would render the offender incompetent to serve as a juror.

7. Ground 9 complains that Herbert Brown, a resident of the county, "fraudulently, knowingly, and illegally accepted a summons for jury service, . . drawn for and in behalf of Hubert Brown;" that said "Herbert Brown, answered said summons and impersonated Hubert Brown;" that "he answered to the name of Hubert Brown and served . . during said term in the name of Hubert Brown;" that he served as a traverse juror in the instant case as "Hubert Brown, thereby impersonating Hubert Brown;" that the name of Herbert Brown is not in the jury-box; that "he is not a qualified juror," but, being accepted as a juror, participated in the trial and verdict, which found the defendant guilty of murder without recommendation; that neither defendant nor his counsel knew of the facts above enumerated until after the trial and could not have ascertained them by "extraordinary diligence."

(a) It is not alleged that there were two men bearing separate names as mentioned. Allowing the usual presumption in favor of official action (*Hansen* v. *Owens,* 132 *Ga.* 648, 663, 64 S. E. 800), it will be presumed prima facie that the name of Hubert Brown was in the jury-box, and was properly drawn; otherwise a summons would not have issued in that name. As it is alleged that Herbert Brown was a resident of the county, and it is not alleged that another person called Hubert Brown resided in the county, it will be presumed prima facie that Herbert Brown was the person whose name was intended to be put in the jury-box, and that the only difference was the misspelling of the name.

(b) Fraud being the gist of the complaint made by the movant, the mere fact of misspelling the name would not suffice to show that Herbert Brown was incompetent (*Ratteree* v. *State,* 53 *Ga.* 570; *Hayes* v. *State,* 58 *Ga.* 35; *Pool* v. *Callahan,* 88 *Ga.* 468, 14 S. E. 867; *Roland* v. *State,* 127 *Ga.* 401, 56 S. E. 412; *Cason* v. *State,* 134 *Ga.* 786 (2), 68 S. E. 554; *Webb* v. *State,* 149 *Ga.* 211, 99 S. E. 630) or be sufficient to support the charge of fraud. The allegations of the motion for a new trial failed to meet the above-stated prima facie presumption; and consequently Herbert Brown is to be deemed a competent juror, as against the charge that he was an illegal and fraudulent impersonator of Hubert Brown.

(c) No such question was involved or dealt with in *Wright* v. *Davis,* 184 *Ga.* 846, 851 (193 S. E. 757); *Taylor* v. *Warren,* 175 *Ga.* 800 (166 S. E. 225).

8. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

> *Judgment affirmed. All the Justices concur.*