McDANIEL *v.* THE STATE.

No. 14865.  JUNE 8, 1944.

*R. L. LeSueur,* for plaintiff in error.

*T. Grady Head, attorney-general, E. L. Forrester, solicitor-general* and *Victor Davidson, assistant attorney-general,* contra.

DUCKWORTH, Justice. ■ The evidence authorized the verdict, and the court did not err in overruling the general grounds of the motion for new trial.

■ Special ground 1 complains that the court erred in allowing the State's witness, Junior Hart, during the trial of the case to pull off his shirt, and immediately in front of the jury exhibit certain knife wounds which he testified had been inflicted by the defendant at the Cotton Club shortly before the time the deceased was fatally stabbed by the defendant. Special ground 2 assigns error on the admission of testimony by a physician as to the extent of the wounds received by Junior Hart. The objection urged was:

in substance that such evidence was irrelevant and immaterial on the question of the guilt of the defendant of the homicide of Joe Hart, the witness Junior Hart having testified that he was not present when Joe Hart was stabbed; and both grounds may be disposed of by one ruling. It is not harmful error to admit evidence which is merely irrelevant and immaterial. A specific objection showing harmful error must be offered at the time the evidence is presented. *Wimberly* v. *Toney,* 175 *Ga.* 416, 422 (165 S. E. 257); *Pylant* v. *State,* 191 *Ga.* 587 (13 S. E. 2d, 380); *Laney* v. *Barr,* 61 *Ga. App.* 145 (6 S. E. 2d, 99). It is too late to set forth for the first time in a ground of a motion for new trial an objection, even though valid, as was attempted here. *White* v. *State,* 116 *Ga.* 573 (42 S. E. 751); *Wynne* v. *State,* 123 *Ga.* 566 (51 S. E. 636); *Thompson* v. *Lanfair,* 127 *Ga.* 557 (2) (56 S. E. 770); *Mickle* v. *Moore,* 193 *Ga.* 150, 153 (17 S. E. 2d, 728).

■ Special ground 3 complains that the court erred in failing to charge, without a request, the law of voluntary manslaughter as related to mutual combat. The defendant contends that "there was evidence which would have warranted a finding in this case that the slayer and the deceased upon a sudden quarrel, each being armed with a deadly weapon, the accused with a knife and the deceased with a pistol, mutually engaged in mortal combat, each using his weapon and intending to kill the other, and movant contends that it was not sufficient for the court to merely read to the jury the section of the Code relating to manslaughter, which the court did in this case." "In order to reduce a homicide from murder to voluntary manslaughter, on the theory of mutual combat, it should affirmatively appear that at the time of the homicide both parties were in position and manifested an intention to fight. *Cornelius* v. *State,* 193 *Ga.* 25 (17 S. E. 2d, 156, 158)." *Cone* v. *State,* 193 *Ga.* 420, 428 (18 S. E. 2d, 850). "The essential ingredient, mutual intent, in order to constitute mutual combat, must be a willingness, a readiness, and an intention upon the part of both parties to fight. Reluctance, or fighting to repel an unprovoked attack, is self-defense and is authorized by the law, and should not be confused with mutual combat." *Mathis* v. *State,* 196 *Ga.* 288, 291 (26 S. E. 2d, 602). Under the evidence for the State, there was no agreement or mutual intention to fight, but it was shown that the deceased, in fear of the defendant from whom Junior Hart

was attempting to escape, also endeavored to run from the scene but was overtaken by the defendant and fatally stabbed. Under the evidence for the defendant and his statement, the defendant was seeking to induce the deceased, by a peaceful request, not to shoot his brother, Wesley McDaniel, then on the ground; and instead of yielding to his importunity, Joe Hart wheeled around and shot at the defendant, who, to save his own life, as Joe Hart again attempted to shoot him, stabbed him with a knife. Thus it is seen that mutual combat was not involved in the case. Hence, neither the evidence nor the defendant's statement required or authorized a charge on voluntary manslaughter as related to mutual combat, and this ground of the motion is without merit. *Campbell* v. *State,* 157 *Ga.* 233 (121 S. E. 306); *Johnson* v. *State,* 173 *Ga.* 734 (2) (161 S. E. 590).

■ After the jury had retired to make its verdict, it returned to the court-room, and the foreman stated to the court: "The jury desires a description of the term voluntary manslaughter." Thereupon the court read to the jury the definition of voluntary manslaughter as contained in the Code, § 26-1007. The foreman then stated: "As I understand, for it to be voluntary manslaughter, the person who was killed must have made some attack against the other person to cause the passion." The court replied: "In cases of voluntary manslaughter there must be some actual assault upon the person, that is, there must be some assault on this defendant here, or an attempt by the person that got killed to commit a serious personal injury on the person killing, or other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied." The jury retired and in a short time returned with a verdict finding the defendant guilty of murder.

In special ground 4, paragraph (A), it is complained that the court merely read to the jury the Code section defining voluntary manslaughter, without also charging the law of voluntary manslaughter as related to mutual combat. The movant does not contend that the charge did not state a correct principle of law. He asserts that the error lay in the failure to charge another correct principle of law, but does not show that any request to so charge was made. "The failure to charge a proposition of law applicable to the case can not be taken advantage of by assigning error upon

a charge which is abstractly correct." *Roberts* v. *State,* 114 *Ga.* 450 (2) (40 S. E. 297). See also, *Williams* v. *State,* 120 *Ga.* 870 (2) (48 S. E. 368); *Smith* v. *Brinson,* 145 *Ga.* 406 (2) (89 S. E. 363). So, without.regard to whether or not a charge on voluntary manslaughter was authorized here, no error is shown by the failure to charge in` connection with the instruction given, without a request, another principle of law contended to be pertinent and applicable to the facts of the case. Furthermore, while it is the duty of the court to instruct the jury, at their request, on any question of law arising on the facts proved on which they are in doubt, in such a case the court is not bound to recharge them on the. whole law of the case, but may properly confine itself to the point on which the jury asks to be enlightened. *O'Shields* v. *State,* 55 *Ga.* 696 (4). See also, *Short* v. *State,* 140 *Ga.* 780 (9) (80 S. E. 8); *Kimberly* v. *State,* 4 *Ga. App.* 852 (4) (62 S. E. 571).

In paragraphs (B) and (C) of special ground 4 it is complained that the court erred in failing to explain to the jury the meaning of the term "or other equivalent circumstances" as used in its recharge. This complaint is not well taken. There was no request to define the "other equivalent circumstances" which are sufficient to justify the excitement of passion and to exclude all idea of deliberation and malice, and without such a request the failure to charge affords no ground for a new trial. *Coleman* v. *State,* 149 *Ga.* 186 (99 S. E. 627).

*Judgment affirmed. All the Justices concur.*