BROWN *et al. v.* THE STATE.

WYATT, Justice. 1. The evidence amply authorized the verdict, and the general grounds of the motion for new trial are without merit.

2. The charge of the court fully covered the law of principal in the first and second degree. For this reason the court did not err in failing to give in charge the written request on this subject; moreover, the request did not state a correct principle of law and was ambiguous, one sentence of the request reading as follows: "In order to convict one as principal in the second degree it is necessary to prove to your satisfaction and beyond a reasonable doubt the principal in the first degree."

3. It was not reversible error for the trial judge to instruct the jury to the effect that they could take into consideration the drunkenness of the defendants along with the other facts in determining whether or not to extend mercy. The law of drunkenness had been properly given in another portion of the charge. The statement complained of was favorable to the defendants.

4. There was no error in failing to charge the law of voluntary manslaughter, this theory being injected into the case solely by the statement of one of the defendants, and there being no written request to charge upon this subject. See *Felder* v. *State*, 149 *Ga.* 538 (101 S. E.

752

179); *Jenkins* v. *State*, 153 *Ga.* 305 (111 S. E. 915); *Mars* v. *State*, 163 *Ga.* 43 (135 S. E. 410); *Davis* v. *State*, 178 *Ga.* 203 (172 S. E. 559). *Judgment affirmed. All the Justices concur.*

No. 15675. JANUARY 7, 1947.

*James Rahal*, for plaintiffs in error.

*Eugene Cook, Attorney-General, A. J. Ryan Jr., Solicitor-General*, and *Henry N. Payton*, contra.

