Hulsey *v.* The State.

Candler, Justice. Leroy, alias Jack, Hulsey was indicted by a grand jury in Floyd County for the murder of Burney W. Garrett. He was convicted of that offense and sentenced to life imprisonment. A motion for new trial on the usual general grounds was timely filed by him and

afterwards amended by adding a ground complaining of the court's failure, without request, to charge the law of voluntary manslaughter as related to mutual combat. His motion as amended was overruled, and he excepted. *Held:*

1. The verdict is amply supported by evidence, and the general grounds of the motion are therefore without merit.

2. The State's evidence made out a clear case of unprovoked murder, and the defendant's statement showed legal justification for the homicide. In these circumstances, with or without a request therefor, a charge upon the law of voluntary manslaughter as related to mutual combat was neither required nor proper. *Johnson* v. *State,* 173 *Ga.* 734 (2) (161 S. E. 590); *Green* v. *State,* 195 *Ga.* 759 (25 S. E. 2d, 502). "Mutual combat exists where there is a fight with dangerous or deadly weapons, and when both parties are at fault and are mutually willing to fight because of a sudden quarrel." *Joyner* v. *State,* 208 *Ga.* 435 (67 S. E. 2d, 221). See *Harris* v. *State,* 184 *Ga.* 382, 390 (191 S. E. 439), and *Watson* v. *State,* 66 *Ga. App.* 242 (17 S. E. 2d, 559).

3. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*

No. 17833. Submitted April 14, 1952—Decided May 12, 1952.

*Hicks & Culbert,* for plaintiff in error.

*Eugene Cook, Attorney-General; John W. Davis, Solicitor-General,* and *W. Dan Greer,* contra.