34319. ROBINSON *v.* THE STATE.

DECIDED NOVEMBER 12, 1952—REHEARING DENIED DECEMBER 4, 1952.

306

*Grady Gillon, W. O. Cooper Jr.,* for plaintiff in error.

*Wm. M. West, Solicitor-General, Chas. F. Adams,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first special ground of the amended motion for a new trial assigns error on the failure of the court, without request, to charge on the subject of mutual combat and mutual intention to fight. Where the evidence indicates that the law of mutual combat is essentially for consideration, it is error to fail to charge on this subject, even in the absence of request. *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862); *Harris* v. *State,* 152 *Ga.* 199 (2) (108 S. E. 781); *Clements* v. *State,* 140 *Ga.* 166 (2) (78 S. E. 716).

As stated in *McDaniel* v. *State,* 197 *Ga.* 757 (3), 759 (30 S. E. 2d, 612): "The essential ingredient, mutual intent, in order to constitute mutual combat, must be a willingness, a readiness, and an intention upon the part of both parties to fight. Reluctance, or fighting to repel an unprovoked attack, is self-defense and is authorized by law, and should not be confused with mutual combat." The law of mutual combat becomes involved when it is made to appear that both parties are suddenly aroused to anger, and that both intend to fight. But where the evidence on the part of the State shows an unprovoked assault which, if successful, would be murder, whereas that of the defense shows only that he struck or killed in self-defense, or under the fears of a reasonable man that the opposite party was about to commit a felony upon him, such as would, in case of death, make a case of justifiable homicide, the evidence neither requires nor authorizes the court to charge on the subject of mutual combat.

*Johnson* v. *State*, 173 *Ga.* 734 (2) (161 S. E. 590); *Green* v. *State*, 195 *Ga.* 759 (3) (25 S. E. 2d, 502); *Jarrard* v. *State*, 206 *Ga.* 112 (13) (55 S. E. 2d, 706). The evidence for the State here showed that the defendant drew his gun and shot without provocation, merely on being asked to move out of people's way on the sidewalk. The evidence for the defendant showed that he fired only after the prosecutor had hit him, pulled his pistol, and shot and wounded him, and that in an effort to protect his life he attempted to shoot the weapon from the police officer's hand. Under neither view of the evidence does there appear to be any mutual intention to fight, or any quarrel in the ordinary significance of that word. It follows, therefore, that there was no error in failing to charge on the subject of mutual combat.

■ In charging the jury the judge first instructed them that the defendant was charged with the offense of assault with intent to murder. He again stated, "The charge against this defendant is assault with intent to murder," and set out the ingredients of the offense as: first, an assault; second, its commission with an instrument which, in the manner used, is a weapon likely to kill; third, malice; and, fourth, intent to kill. After discussing the elements of the offense and instructing the jury that, if any one were missing, the defendant would not be guilty of assault with intent to murder, the judge then stated that, if the jury should so find, "you would then look to the evidence and the defendant's statement and determine whether or not he is guilty of the offense of shooting at another," and proceeded to define that offense. He then made the following statements, the italicized portions of which are excepted to in the second and third special grounds: "Now the defendant denies that he committed any unlawful assault whatever on the prosecutor, and says he acted lawfully in self defense. He contends he is not guilty *of either offense charged*, and further contends that the State has not proved his guilt *of either offense as charged* beyond a reasonable doubt. . . Now, if you find the defendant guilty of the charge of shooting at another, *as charged in the indictment*, then it would be your duty to convict him of that offense." It is contended that the above italicized excerpts from the charge were error harmful to the defendant, in that they

caused the jury to believe that he had been indicted and was being tried for two offenses, rather than only one.

The charge has been dealt with at some length to indicate that it fairly instructed the jury with reference to the offenses of which the defendant might be convicted, and that the court twice told the jury that he had been indicted on a charge of assault with intent to murder. As was stated in *Haney* v. *State*, 64 *Ga. App.* 396, 399 (13 S. E. 2d, 384), the offenses of assault with intent to murder and shooting at another are "grades [of the same type of crime] which may be embraced in the same general charge or indictment." They are, however, distinct offenses. This being so, a charge of assault with intent to murder must necessarily include a consideration of the charge of shooting at another, for, as pointed out in the *Haney* case, supra, it must be decided whether the deed was actuated by malice or by passion, or by neither and in self defense. The statement of the court that the offense of shooting at another was charged in the indictment is not literally true, but in the practical sense that the jury must consider both offenses, it was aptly stated, and it is not apparent that such a statement could have misled the jury to the injury of the defendant. These grounds are accordingly without merit.

■ The evidence, although conflicting, authorized the verdict. The general grounds of the motion for a new trial are without merit.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*