## TURNER *v.* THE STATE.

HAWKINS, Justice. Walter Lee Turner was convicted in Richmond Superior Court of the murder of his father-in-law, Willie Houston, with a recommendation of mercy, and sentenced to life imprisonment. The

evidence discloses: that the defendant and his wife, the daughter of the deceased, rented and were living in a room in the home of the deceased; that, shortly before the homicide, the defendant and his wife were engaged in a quarrel during the progress of which the defendant struck his wife and she screamed; that the defendant's mother-in-law came to their room, forcing the latch on the door, entered the room, cursed the defendant, and inquired as to the trouble between the defendant and his wife; that shortly after she entered the room, her son and the defendant's brother-in-law followed her into the room, and that he was followed into the room by the defendant's father-in-law. The defendant contended that all three of his in-laws attacked him, the mother-in-law with a washpan, and his father-in-law and brother-in-law with their hands, beating and choking him, and that he, acting under the fears of a reasonable man, shot and killed his father-in-law and brother-in-law in self-defense, and in defense of habitation, property, and person against those who manifestly intended and endeavored, by violence and surprise, to commit a felony upon him, and against his in-laws who manifestly intended and endeavored, in a riotous and tumultuous manner, to enter his habitation for the purpose of assaulting or offering personal violence to him. The evidence in behalf of the State was sufficient to authorize the jury to find that, immediately upon the defendant's in-laws entering the room, he began shooting without cause or justification, and killed his father-in-law and brother-in-law, he being on trial for the killing of his father-in-law only. To the judgment overruling his motion for new trial as amended, consisting of the general grounds and two special grounds, the defendant excepts. *Held:*

1. The evidence amply authorized the verdict, and the general grounds of the motion for a new trial are without merit.

2. While it is the duty of a trial judge to give in charge to the jury the law of voluntary manslaughter as related to mutual combat where the evidence discloses that the killing took place in the course of a rencounter in which the participants engaged with a mutual intention to fight (*Shafer* v. *State,* 191 *Ga.* 722, 13 S. E. 2d, 798), where, as here, the State's evidence makes out a clear case of unprovoked murder, and the defendant's statement shows legal justification for the homicide, a charge upon the law of voluntary manslaughter as related to mutual combat is neither required nor proper, either with or without a request therefor. *Holland* v. *State,* 166 *Ga.* 201 (142 S. E. 739); *Johnson* v. *State,* 173 *Ga.* 734 (161 S. E. 590); *McDaniel* v. *State,* 197 *Ga.* 757 (3) (30 S. E. 2d, 612); *Joyner* v. *State,* 208 *Ga.* 435 (67 S. E. 2d, 221); *Hulsey* v. *State,* 209 *Ga.* 61 (70 S. E. 2d, 766). The first special ground of the motion for new trial, complaining of the failure of the trial judge to charge the jury the law of voluntary manslaughter as related to mutual combat was properly overruled.

3. The second special ground of the motion for new trial complains that the trial court erred in failing to instruct the jury that, if the accused was justified in shooting and killing his brother-in-law, and through inadvertence and accident he shot and killed his father-in-law through no fault of his own, he should be acquitted. While this contention

states a sound principle of law (*Brown* v. *State,* 208 *Ga.* 304, 308 (3), 66 S. E. 2d, 745), it has no application here, for the reason that, while the defendant in one portion of his statement to the jury said, "I thought my daddy-in-law fainted. I didn't know he was shot," he further said, "My daddy-in-law had me by the arm and this leg. He was choking me and I shot at him one time." Where a person, acting in self-defense, intentionally shoots at another, the defense of accidental killing is not involved. *Curry* v. *State,* 148 *Ga.* 559 (97 S. E. 529); *Burnett* v. *State,* 160 *Ga.* 593, 599 (5) (128 S. E. 796); *Griffin* v. *State,* 183 *Ga.* 775, 782 (190 S. E. 2); *Ford* v. *State,* 202 *Ga.* 599 (44 S. E. 2d, 263). This ground of the motion for a new trial is also without merit.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., and Wyatt, J., not participating.*

No. 18074. ARGUED JANUARY 13, 1953—DECIDED FEBRUARY 9, 1953.

*Harris, Chance & McCracken* and *A. R. Barksdale,* for plaintiff in error.

*George Hains, Solicitor-General, Eugene Cook, Attorney-General,* and *J. R. Parham, Assistant Attorney-General,* contra.