## 18477. RANDALL v. THE STATE.

DUCKWORTH, Chief Justice. Walter Randall was indicted, tried, and convicted of murder with a recommendation of mercy in Washington Superior Court. A motion for new trial, as amended by adding three special grounds, was filed, heard and overruled, and the exception here is to that judgment. *Held:*

1. A written request to charge which is legal and adjusted to a distinct matter in issue, and which may materially aid the jury, should be given in the language requested, although covered by other instructions of the charge in more general and abstract terms. Code (Ann. Supp.) § 70-207 (Ga. L. 1937, p. 592); *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217 (5) (17 S. E. 2d 825); *Summer* v. *Boyd*, 208 *Ga.* 207, 209 (66 S. E. 2d 51).

(*a*) While the court failed to charge the exact language requested in charging on good character as a substantive fact, it did not commit error, as the language of the written request, "no matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, lead them to believe, in view of the improbabilities that a person of such character would be guilty of the offense charged, that the evidence in the case is false or the witnesses mistaken," is clearly argumentative in character and would have been entirely too favorable to the accused. See *Caraker* v. *Brown*, 152 *Ga.* 677 (111 S. E. 51); *Lefkoff* v. *Sicro*, 189 *Ga.* 554 (3) (6 S. E. 2d 687, 133 A. L. R. 738); *Georgia Ry. & Electric Co.* v. *Gatlin*, 142 *Ga.* 293 (5) (82 S. E. 888). Accordingly, there is no merit in the first special ground of the amended motion, complaining of the court's failure to charge the written request on good character.

(*b*) In charging on the effect of an admission of the killing by the accused, the court charged as requested in the written request, but in doing so stated that "no presumption that the homicide *or* murder would arise from such admission," instead of "no presumption that the homicide *was* murder would arise from such admission." The excerpt is not subject to the ground of complaint, since it clearly states that no presumption of murder would arise from an admission of the killing if it were coupled with a declaration which the jury believed showed excuse, justification, or mitigation. The charge was substantially in compliance with the written request and, not being in any manner prejudicial to the movant, no harmful error is shown, and the second special ground is without merit.

2. Where the evidence of the State makes a case of murder, and the defendant's statement and evidence shows a case of justifiable homicide, a charge upon the law of voluntary manslaughter as applicable to mutual combat is neither required nor authorized (*Johnson* v. *State*, 173 *Ga.* 734, 161 S. E. 590; *Cornelious* v. *State*, 193 *Ga.* 25, 28 (1), 17 S. E. 2d 156; *Cone* v. *State*, 193 *Ga.* 420, 428, 18 S. E. 2d 850; *Mathis* v. *State*, 196 *Ga.* 288, 291, 26 S. E. 2d 606; *McDaniel* v. *State*, 197 *Ga.* 757, 30 S. E. 2d 612; *Joyner* v. *State*, 208 *Ga.* 435, 67 S. E. 2d 221); and the third special ground, complaining of the failure to charge on voluntary manslaughter as applicable to mutual combat, is without merit.

3. The verdict finding the defendant guilty as charged in the indictment

**436**

was amply supported by the evidence, and, under the foregoing rulings, the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur.*

Argued February 8, 1954—Decided March 8, 1954.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*W. H. Lanier,* Solicitor-General, *Eugene Cook,* Attorney-General, *Rubye G. Jackson,* contra.