18956. ALEXANDER *v.* THE STATE.

ARGUED MAY 9, 1955—DECIDED JUNE 14, 1955—REHEARING DENIED JULY 14, 1955.

*Edward T. Hughes, A. J. Shirley,* for plaintiff in error.

*Maston O'Neal, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

ALMAND, Justice. ■ There are three grounds of the amended motion for new trial, which will be considered together. These grounds allege that the court erred in failing to charge the law applicable to manslaughter, as set forth in Code § 26-1006, the law applicable to voluntary manslaughter, as set forth in Code § 26-1007, and the law applicable to mutual combat, as set forth in Code § 26-1014. There was no request to charge any of these principles of law, the court having charged the law applicable to murder and justifiable homicide.

The defendant did not introduce any evidence. We have carefully reviewed the evidence introduced by the State, and all of it shows that, if the defendant was guilty of any offense, it was murder. There was nothing in the evidence to authorize the court to charge the law in reference to manslaughter, voluntary manslaughter, or mutual combat. The defendant insists that the testimony of Myrtice Hill was sufficient to require the court to charge these principles of law. Though this witness did testify that, at the time she first saw the parties, the deceased was on

top of the defendant, with one of his hands on the defendant's neck, both the defendant and the deceased told her that they were not fighting but just playing, and there is nothing in her testimony that would even authorize a conjecture that the parties were engaged in any unlawful acts, nor that the deceased was making any semblance of an assault upon the defendant. Even if the statement of the defendant was sufficient to authorize a charge upon the subjects of voluntary manslaughter or mutual combat, there was no written request so to charge, and in the absence of such a request the court is not bound to present a theory of the case based solely upon the statement of the defendant. *Felder* v. *State,* 149 *Ga.* 538 (1a) (101 S. E. 179); *Brown* v. *State,* 201 *Ga.* 751 (4) (41 S. E. 2d 156); *Vun Cannon* v. *State,* 208 *Ga.* 608, 612 (4) (68 S. E. 2d 586); *Hulsey* v. *State,* 209 *Ga.* 61 (2) (70 S. E. 2d 766).

■ Under the evidence introduced by the State, the jury were authorized to find the defendant guilty of murder. Under the statement of the defendant, they would have been authorized to acquit him, on the basis of self-defense. They accepted the version as made by the State's evidence, and their finding the defendant guilty is abundantly supported by the evidence in the record.

It was not error to deny the defendant's motion for a new trial.

*Judgment affirmed. All the Justices concur.*