## 49813. NEWTON v. THE STATE.

DEEN, Judge.

1. The defendant was convicted of burglary. On October 26, 1973, according to the testimony of the owner, his house was entered after breaking a pane of glass in a door and three guns were stolen. On November 16 the defendant was arrested and interrogated and, according to the testimony of two police officers, admitted that he and another named person had entered the house in the manner described, taken the guns, and sold them to a tavern proprietor in Chatsworth, Ga. There was other evidence that a person answering the latter's description sold one of the guns to a resident in the vicinity who, when he learned the identity of the true owner, returned it to him, the gun being identified by serial number. "A confession of guilt, freely and voluntarily made by the accused, is direct evidence of the highest character and sufficient to authorize a verdict of .guilty . . . when corroborated by proof of the corpus delicti." *Richardson v. State,* 207 Ga. 373 (1) (61 SE2d 489).

2. It is strongly contended that the confession (the giving of which is not denied) was made under duress, and the truth of this statement is equally urgently denied by the police officers involved. If there is a conflict as to whether or not a statement, admission, or confession was made freely and voluntarily, that question then becomes one of fact for determination by the jury, provided a prima facie showing is made by the state that such statement was made freely and voluntarily and without hope of benefit or fear of injury. *Smith v. State,* 218 Ga. 216 (126 SE2d 789). No error in admitting testimony as to the defendant's oral confession for jury consideration appears.

3. Testimony regarding a conversation, as a result of which the owner was able to locate the whereabouts of one of the guns, was properly admitted by the court for the restricted purpose of explaining the owner's actions. Code § 38-302. Examination of the record also shows that there was direct evidence, not objected to, establishing the same facts.

4. The defendant, having made no effort in the trial court to ascertain what tests for identification of fingerprints had been conducted and what results, if any, had been obtained, cannot now complain that the state offered no evidence relating to this subject.

*Judgment affirmed. Eberhardt, P. J., and Stolz, J., concur.*

SUBMITTED OCTOBER 1, 1974 — DECIDED OCTOBER 10, 1974.

*J. W. Yarbrough,* for appellant.

*Samuel J. Brantley, District Attorney,* for appellee.

