## 57501. FRAZIER v. THE STATE.

SHULMAN, Judge.

Defendant was charged with the offense of murder and convicted of voluntary manslaughter. On appeal, we affirm.

1. Appellant contends that the trial court erred in admitting testimony suggesting appellant's involvement in another crime. We disagree.

A. The court permitted the arresting officer to testify to the circumstances leading to appellant's arrest. As "[a]ll circumstances connected with an arrest are proper matters to be submitted to the jury to be weighed by them for what they are worth" *(Kincaid v. State,* 137 Ga. App. 138 (1) (223 SE2d 152)), the fact that the officer's testimony may have incidentally intimated appellant's participation in another crime does not render such testimony inadmissible. See, e.g., *State v. Luke,* 232 Ga. 815 (209 SE2d 165); *Bixby v. State,* 234 Ga. 812 (1) (218 SE2d 609).

Moreover, "[t]he testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness, that acting on such information, he discovered other facts connecting the accused with the crime in question. [Cit.]" *Burrell v. State,* 140 Ga. App. 900 (3) (232 SE2d 172).

B. Contrary to appellant's assertion, when evidence, otherwise hearsay, is offered and admitted for the purpose of explaining conduct, it becomes original evidence for that purpose. Id.

2. Appellant contends that the trial court erred in admitting testimony of a statement he allegedly made to a police officer after being taken into custody. Petitioner maintains that his statement was not freely and voluntarily elicited. This being so, he claims that the admission of testimony regarding his alleged confession was violative of his constitutional rights. We must take issue with appellant's contentions.

A Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), hearing was held to determine the voluntariness and admissibility of defendant's statement. "The evidence heard . . . was sufficient to authorize the trial court to determine that the defendant was advised of his rights, that he was not placed under any duress, that he seemed to understand his rights, that he was not under influence of drugs or alcohol and that he seemed completely aware of what was going on around him." *Walker v. State,* 146 Ga. App. 555, 556 (246 SE2d 737).

Once the state had made a prima facie showing of voluntariness, the question of whether or not defendant's statement was freely and voluntarily given was one of fact for the jury's determination. *Walker,* supra; *Newton v. State,* 132 Ga. App. 873 (209 SE2d 690). "No error in admitting testimony as to the defendant's oral confession for jury consideration appears." *Newton,* supra, Division 2. (See also *Hilliard v. State,* 128 Ga. App. 157 (3) (195 SE2d 772), holding, contrary to appellant's contentions, that a confession need not be reduced to writing to be admissible.)

3. Appellant enumerates as error the trial court's failure to give a requested instruction to the jury on the law of self-defense.

As the requested instruction was covered by the charge given, the court's failure to instruct the jury in the language requested, even if such request were perfect, does not constitute reversible error. *Pollard v. State,* 236 Ga. 587 (3) (224 SE2d 420); *Emmett v. State,* 232 Ga. 110 (4) (205 SE2d 231); *Brown v. State,* 201 Ga. 751 (2) (41 SE2d 156). See also Code Ann. § 26-901.

4. Appellant contends that there was insufficient evidence to support the verdict. We disagree.

"On appeals from findings of guilt, the presumption of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty. [Cits.]" *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131).

As there was evidence authorizing the jury's verdict, the trial court did not err in entering its judgment in accordance therewith.

*Judgment affirmed. Deen, C. J., and McMurray, P. J., concur.*

SUBMITTED MARCH 8, 1979 — DECIDED
JUNE 19, 1979.

*Hatcher & Strickland, Donald E. Strickland,* for appellant.

*William S. Lee, District Attorney, Richard L. Hodge, Assistant District Attorney,* for appellee.