Peaesoit, C. J.
 

 The prisoner is entitled to a
 
 venire de
 
 novo, for the reason that, neither of the three positions, given in charge to the jury, hits the case.made by the evidence.
 

 If two engage in a fight upon a sudden quarrel, and one kills with a deadly weapon, it is hut manslaughter,
 
 State
 
 v. Curry, 1 Jones’ Rep. 280. In this case, there is no suggestion of preconceived malice. The fact, that the prisoner had about his person a deadly weapon, is accounted for by the proof that he had armed himself for a different purpose. The quarrel with the deceased was sudden, and the prisoner had got on his horse, and was going off until stopped by the deceased.— They then engaged in a fight; how, or on what cause, is not proven, but they engage in a fight, and the prisoner kills with a deadly weapon. So, upon the principle above stated, it is but manslaughter.
 

 His Honor put the case to the jury in three aspects:
 

 1. “If the deceased
 
 made the assault
 
 upon the prisoner with a stone or the bottle, or in any 'other way, or attempted to pull him from his horse, and they got into a fight, &c., it was manslaughter. This does not hit the case, for the evidence does not show who made the first assault, and upon the principle above stated, that was not material, provided it was a sudden quarrel, and the parties engaged in a fight, and the prisoner, under the excitement of the fight, resorted to the use of his knife. So, the the effect of this position is destroyed by the condition precedent, i. e. that the deceased .made the assault.
 

 2. “If the prisoner was assaulted by the deceased, and they «engaged in a sudden fight, and the„prisoner being sorely
 
 *397
 
 pressed, &c., it was killing in self defence. This does not hit; for there was no evidence that the prisoner was “ sorely pressed.”
 

 ■ 3. If the deceased approached the prisoner in the manner stated by the witness, and 'made no assault, and the prisoner dismounted and
 
 slew him with the
 
 bowie-hnife, it was murder. This does not hit the case made by’ the evidence, for it omits the all important fact,
 
 that after the prisoner got off of his horse, they engaged in a fight.
 
 This is acting the play of Hamlet with the character of Hamlet omitted. The gist and very essence of the matter, was that the parties had engaged in a fight, and this fact was distinctly proven. So, of course, it was error to put any hypothesis to the jury omitting the fact.
 

 Erom the statement of the case, sent to ns, it cannot he a case of murder. How it happened that the parties got into the fight, is unaccountable, and neither the Court nor the jury, are allowed to make conjectures. But perhaps, upon a second trial, the facts may be more fully disclosed; and it may be that the deceased pushed the bottle into the face of the prisoner, and thus caused the fight; or, it may be that the prisoner, without any such grievous provocation, got off of his horse, and
 
 commenced the fight with his bowie Tenife,
 
 so as to bring the case under that of
 
 Maugridge,
 
 KJel. 128; Foster’s Crown Law 295; and in that event, it may be, that the prisoner should be allowed to prove that the deceased was a very powerful man, greatly an over match for him in an ordinary fight, and one, whose
 
 genercd character,
 
 was that of a violent and dangerous man, who was in the habit of using deadly weapons, for the purpose of accounting for the fact of commencing with a bowie knife, and thereby repelling the inference of malice, which the law would otherwise make. In that aspect of the case, provided the deceased urged the prisoner into the fight it may be, such evidence would be admissible, as an exception to the general rule laid down in
 
 State
 
 v.
 
 Hogue,
 
 at this term, (ante 381,) for it would seem, the known character of the deceased, as a violent and dangerous man, would then
 
 *398
 
 be material, and be involved in the issue. One cannot be expected to encounter a lion as he would a lamb.
 

 As the case is presented to us, the evidence in respect to the violence of the deceased, was properly rejected; for it was immaterial whether he was violent or quiet in his temper as the parties engaged in a fight, and it did not appear that the prisoner made the onset with his bowie knife. There must be a
 
 venire de novo..
 

 Pee Cueiam. . Judgment reversed.