### 3844.   Smith v. The State.

RUSSELL, J.  1. The excluded statement might have been admissible as part of the res gestæ of the transaction, if it had appeared that it was made at a time so nearly coincident with the shooting as to be free from the suspicion of device or afterthought, but the judge certifies that it did not definitely appear when the remark was made, and thus the ground of the motion for new trial complaining of the exclusion of testimony (not being approved by the trial judge upon the material point at issue) can not be considered.

2. There was evidence which authorized the jury to infer that there was an intent to fight on the part of the accused, as well as on the part of the deceased; and it was therefore not error for the court to instruct the jury upon the subject of voluntary manslaughter.

3. Inasmuch as the court charged the jury fully and fairly to the effect that they could not convict the defendant unless they were satisfied of his guilt beyond a reasonable doubt, that portion of the charge wherein the judge instructed them that "the State, however, is not required to demonstrate with mathematical accuracy and precision the guilt of the

accused; the State is only bound to show his guilt to a reasonable and a moral certainty, and if the State has done that in this case then it is your duty to convict the defendant," was not error. The judge's instructions upon the subject of reasonable doubt afford the defendant no ground for complaint. See *Norman* v. *State*, ante, 802 (74 S. E. 428).

*Judgment affirmed. Pottle, J., not presiding.*

DECIDED APRIL 2, 1912.

Indictment for murder; conviction of manslaughter; from Laurens superior court—Judge Martin. September 30, 1911.

*S. W. Sturgis,* for plaintiff in error.

*E. D. Graham, solicitor-general,* contra.