## CRUMBLY *v.* THE STATE.

LUMPKIN, J.    1. On the trial of one indicted for murder, there was no error in admitting evidence that on the day when the homicide occurred, and shortly before it took place, the accused had a pistol which he "greased" and loaded, and that he went into the woods about a hundred yards distant, shot the pistol four times, returned to the place where the witness was, and then went in the direction where the homicide occurred fifteen or twenty minutes later.

(*a*) If it was erroneous not to exclude from evidence the direct statement that the accused shot the pistol in the woods, when the witness did not actually see the shooting, but saw the accused with the pistol leave the house where both were, a short distance from the woods, heard the shooting, and saw the accused return to the house, whence he left a few minutes later to go to the scene where the homicide occurred, in the light of the entire evidence this will not require a reversal.

2. Nor was there error in admitting evidence that a few minutes after "greasing" the pistol the accused said that "he was going to get him a man before the sun went down." *Harris* v. *State*, 109 *Ga.* 280 (2), 281 (34 S. E. 583); *Hixon* v. *State*, 130 *Ga.* 479 (3), 482 (61 S. E. 14); *Helms* v. *State*, 138 *Ga.* 826 (2), 830 (76 S. E. 353).

3. The verdict was supported by the evidence, and there was no error in overruling the motion for a new trial.

*Judgment affirmed.    All the Justices concur.*

NOVEMBER 13, 1913.

Indictment for murder. Before Judge Worrill. Terrell superior court. July 12, 1913.

*H. A. Wilkinson,* for plaintiff in error.

*T. S. Felder, attorney-general, B. T. Castellow, solicitor-general,* and *R. R. Arnold,* contra.