19822.   DONALSON *v.* THE STATE.

Decided August 23, 1929.  Rehearing denied September 20, 1929.

*W. V. Custer & Son,* for plaintiff in error.
*Robert B. Short, solicitor-general,* contra.

Luke, J.  The defendant was indicted for murder and was convicted of manslaughter, and he excepts to the overruling of his motion for a new trial.

The fourth ground (first special ground) of the motion for a new trial complains of the following charge: "The defendant is allowed to make to the court and jury just such statement in his own behalf as he sees fit.  His statement is not under oath, it is not subject to cross-examination, and you are authorized to give it such weight and credit only as you think it is entitled to receive.  You may believe it in whole or in part, and you may believe it in preference to the sworn testimony in the case."  The particular portion objected to is as follows: "It is not subject to cross-examination."  The defendant elected to make a statement.  In *Walker* v. *State,* 116 *Ga.* 537 (42 S. E. 787, 67 L. R. A. 426), the Supreme Court said: "In making a statement the accused is not under examination as a witness, and his counsel has no right to ask him questions. . . The right to make such a statement as he may deem appropriate is by law given to a prisoner on trial, and, unless he consents thereto, he can not be compelled to answer questions on cross-examination."  "The accused in a criminal case, while delivering his statement, is not under examination as a witness. . . It is the right of the prisoner not to be compelled to answer any question, nor to submit to cross-examination."  *Hackney* v. *State,* 101 *Ga.* 512 (2) (28 S. E. 1007).  In *Stokes* v. *State,* 28 *Ga. App.* 555 (112 S. E. 293), this court held: "In concluding the charge on the statements of the defendants it was not error for the court to say: 'remembering that they are not under oath nor subject to the penalty incident to a sworn witness'."  See *Poppell* v. *State,* 71 *Ga.* 278.  In *Cargile* v. *State,* 137 *Ga.* 775 (2) (74 S. E. 621), the Supreme Court held: "While it is true that a defendant in a

criminal case electing to make a statement is not subject to cross-examination without his consent, yet as this provision of the statute is but a rule of trial procedure, it is the better practice to omit any reference to it in the general charge. Nevertheless, the statement of this rule of procedure in the general charge will not ordinarily be ground for a new trial." A witness may be "subjected" to cross-examination whether he will or not, but a prisoner on trial can not be so "subjected," and the court charged that he was not "subject." Considering the instructions as a whole, we think the charge complained of in this ground worked no harm to the accused.

■ "In the trial of one indicted for murder, where the evidence adduced to establish the homicide presents two conflicting theories of fact, one based upon circumstances indicating malice and the other upon warranted inferences which negative its existence, then it becomes a question of fact, to be decided by the jury, as to which one of these inconsistent theories is in accord with the real truth of the occurrence. In such a case it is proper to charge the jury that the law presumes every homicide to be malicious, until the contrary appears from circumstances of alleviation, of excuse, or justification, and that it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they appear from the evidence produced against him." *Mann* v. *State,* 124 *Ga.* 760 (supra) ; *Delk* v. *State,* 135 *Ga.* 312 (69 S. E. 541, Ann. Cas. 1912A, 105). Under the foregoing ruling and the facts of the instant case, there is no merit in the fifth ground of the motion for a new trial.

■ The sixth ground of the motion complains of the following extract from the charge: "It is necessary, in the determination of your verdict in this case, to determine the character of the instrument used by the defendant upon the occasion in question. If you determine that the instrument used, in the manner in which it was used upon that occasion, was a weapon likely to produce death, and from the use of such weapon in such manner death ensued, the law, from the use of the weapon in such manner, would imply malice and the intent to kill." The defendant admitted that he shot the deceased with a pistol, the trial judge charged fully on the law of justification, and there was evidence which, if believed by the jury, would have authorized the finding that the homicide was "unaccompanied with circumstances of mitigation or exculpa-

tion." Under the facts of this case and the authority found in the fourth division of the decision in *Flannigan* v. *State,* 135 *Ga.* 221 (supra), there was no error in this excerpt from the charge. The ruling in *Harrison* v. *State,* 20 *Ga. App.* 159 (92 S. E. 970), relied on by the plaintiff in error, is "under the particular facts and in view of the defense interposed" differentiated from this case, and is not controlling here.

■ The seventh ground of the motion assigns error upon the following excerpt from the charge: "Evidence of such assault may be found in a mutual intention to fight, and in the fact of an approach by the deceased to the defendant in the furtherance of that design, when it is not necessary for him to do so in self-defense." This instruction was authorized by the evidence and the law. See *Ray* v. *State,* 15 *Ga.* 223 (5).

■ Mutual blows are not necessary to constitute mutual combat as referred to in a manslaughter case, but mutual intent to fight is necessary. *Tate* v. *State,* 46 *Ga.* 158. "There was evidence which authorized the jury to infer that there was an intent to fight on the part of the accused, as well as on the part of the deceased; and it was therefore not error for the court to instruct the jury upon the subject of voluntary manslaughter." *Smith* v. *State,* 10 *Ga. App.* 840 (2) (74 S. E. 447). This disposes of the eighth ground of the motion.

■ The charge of the court on justifiable homicide, as set out in the ninth ground of the motion, shows no error that requires a new trial.

■ The record shows that the defendant, with other men and women, was out "joy riding;" that there was much drinking and cursing; that the defendant struck a woman in the abdomen with his pocket-knife, and that he went to his car, got his pistol, and came back and shot the deceased. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*