## WILSON v. THE STATE.

RUSSELL, C. J.   1.   While in the trial of a felony there is no authority at law for examining on the voir dire two or more jurors together, or for putting upon the prisoner, after the examination, more than one juror at a time, still the right of separate examination may be waived; and where no objection is made at the time the jury are about to be put on their voir dire, it is too late, after verdict, to make this objection for the first time.

2. There was some evidence from which the jury could have found that at the time of the homicide the accused and the person killed were engaged in a mutual combat. The judge charged the jury generally upon the subject of voluntary manslaughter, but omitted entirely to charge the law of that offense as based upon the theory of mutual combat or mutual intention to fight. *Held*, that the omission was erroneous. *Higgs* v. *State*, 148 *Ga.* 136 (95 S. E. 994); *Butt* v. *State*, 150 *Ga.* 302 (103 S. E. 466); *Buchanan* v. *State*, 153 *Ga.* 866 (113 S. E. 87).

3. The principles embodied in the request for instructions were appropriately stated in the charge of the court as delivered to the jury; and therefore the omission to charge in the exact language of the request could not have been harmful in this case to the accused.

4. For the error pointed out in the second headnote, the court erred in refusing a new trial.

*Judgment reversed. All the Justices concur, except*

RUSSELL, C. J., and ATKINSON, J., who dissent from the ruling in the first headnote; and GILBERT, J., who dissents from the judgment of reversal. No. 8829. DECEMBER 19, 1932.

*M. G. Hicks, Durwood T. Pye, Leward Hightower,* and *S. H. Baynes,* for plaintiff in error.

*George M. Napier, attorney-general, John A. Boykin, solicitor-general, T. R. Gress, assistant attorney-general, J. W. LeCraw,* and *John H. Hudson,* contra.