## SHAFER v. THE STATE.

BELL, Justice. 1. Although the killing occurred in December, 1939, the evidence relating to a threat made by the defendant in 1936, as set forth in the motion for a new trial, was not inadmissible on the ground of remoteness; nor was the evidence irrelevant, it appearing that the person slain was a police officer and that he so informed the defendant before he was killed, and the jury being authorized to infer that the threat so made by the defendant related to police officers as a class. Nor was the evidence subject to objection for other reason urged. See *McDaniel* v. *State*, 100 *Ga.* 67 (27 S. E. 158) ; *Willingham* v. *State*, 169 *Ga.* 142 (5) (149 S. E. 887) ; *Ethridge* v. *State*, 163 *Ga.* 186 (5) (136 S. E. 72) ; *Frank* v. *State*, 141 *Ga.* 243 (2) (80 S. E. 1016) ; *Williams* v. *State*, 152 *Ga.* 498 (110 S. E. 286).

2. The evidence relating to possession by the defendant of several guns and pistols, a cartridge belt, and ammunition was admissible for the limited purpose to which the judge in his charge restricted it, that is, for the purpose of "showing, if it does, the intent, scheme, design, purpose, and state of mind of the defendant." *Burgess* v. *State*, 93 *Ga.* 304 (4) (20 S. E. 331) ; *Crumbly* v. *State*, 141 *Ga.* 17 (80 S. E. 281) ; People v. Dale, 355 Ill. 330 (189 N. E. 269) ; 30 C. J. 160, § 376.

3. If a person kills "in self-defense, or in defense of habitation, property, or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either; or against any persons who manifestly intend and endeavor, in a riotous and tumultuous manner, to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein," such homicide is justifiable. Code, § 26-1011. If the killing be not under the circumstances just stated, or other circumstances of justification (Code, §§ 26-1011 to 26-1017), but in the course of a rencounter in which the participants engage with a mutual intention to fight, the offense may be voluntary manslaughter as related to mutual combat. If the evidence, as distinguished from the prisoner's statement before the jury, authorizes an inference that the killing occurred in the circumstances last mentioned, it is the duty of the judge, even without request, to give in charge the law of voluntary manslaughter as related to mutual combat. *Bailey* v. *State*, 148 *Ga.* 401 (96 S. E. 862) ; *Ison* v. *State*, 154 *Ga.* 408 (114 S. E. 351).

4. Although in this case the deceased was a police officer, and the killing occurred in the home of the defendant, in the circumstances shown by the evidence it was a question for the jury as to whether they engaged in the rencounter with a mutual intention to fight. The judge

charged the jury generally upon the subject of voluntary manslaughter, but omitted to charge the law of that offense as based upon the theory of mutual combat or mutual intention to fight. Such omission was erroneous, and for this reason a new trial should have been granted. *Waller* v. *State,* 100 *Ga.* 320 (28 S. E. 77); *Hart* v. *State,* 135 *Ga.* 356 (69 S. E. 530); *Wilson* v. *State,* 176 *Ga.* 198 (2) (167 S. E. 111); *Hall* v. *State,* 177 *Ga.* 794 (4) (171 S. E. 274).

5. There is no merit in the contention that the charge *as given* placed upon the defendant the burden of proving that the deceased was the aggressor, and deprived the defendant of the law applicable to mutual combat.

*Judgment reversed. All the Justices concur, except* JENKINS and DUCKWORTH, who dissent from the ruling in the fourth division of the decision.

No. 13480. MARCH 15, 1941.

*Howard, Tiller & Howard,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, E. E. Andrews, Marshall L. Allison* and *Victoria Wilbanks, assistant attorneys-general,* contra.