### 29206.  WATSON *v.* THE STATE.

DECIDED NOVEMBER 7, 1941.  REHEARING DENIED NOVEMBER 28, 1941.

*Owen & Gross, George L. Goode,* for plaintiff in error.

*G. Fred Kelley, solicitor-general, B. F. Davis, John E. Frankum,* contra.

BROYLES, C. J. The defendant was convicted of the offense of an assault with intent to murder. His motion for a new trial, consisting of the general grounds and one special ground, was overruled. The evidence, while conflicting, authorized the verdict. The special ground assigns error on the failure of the court to give in charge to the jury the law of voluntary manslaughter as related to mutual combat or mutual intention to fight  The court instructed the jury on the law of assault with intent to murder, on the general law of voluntary manslaughter, and on the law of unlawfully shooting at another, but did not charge the law of mutual combat. There are many decisions of the Supreme Court and this court which hold that where there is evidence tending to show that the parties were engaged in a mutual combat, it is error for the judge to fail to charge the law of mutual combat, even though he charged generally on the law of voluntary manslaughter. However, in this case we do not think that the evidence tended to show that the parties engaged in a mutual combat. Mutual combat does not mean a mere fist fight or scuffle. It usually means an encounter with deadly weapons, in which the death of either or both of the parties is imminent. Such a combat must be mutual; both parties must be armed with deadly or dangerous weapons and have a mutual intention to use them. In this case the undisputed evidence shows that the accused had a deadly weapon, a loaded pistol, concealed on his person, and that the person shot and seriously wounded had no weapon of any kind in his hands or on his person. The two men had a sudden quarrel and a scuffle, the defendant was pulled down on the floor by the other man, the defendant falling underneath the other man, and immediately the defendant drew his pistol and shot the man in his face. Under these facts we are of the opinion that the law of mutual combat was not involved and that the failure of the court to charge it was not error, and especially so since the court not only instructed the jury generally on the law of voluntary manslaughter, but specifically on the lesser offense of unlawfully shooting at another. The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*

244

GARDNER, J.   It is earnestly contended by the plaintiff in error that the decision of this court to the effect that the law as related to mutual combat does not involve the principle that deadly or dangerous weapons are usually or generally necessary is erroneous. We have examined the cases cited in the motion for rehearing, as follows:  *Ray* v. *State,* 15 *Ga.* 223 (4, 5) ; *Tate* v. *State,* 46 *Ga.* 148, 158; *Donalson* v. *State,* 40 *Ga. App.* 360 (4) (149 S. E. 429) ; *Abernathy* v. *State,* 51 *Ga. App.* 452 (180 S. E. 753) ; *Bailey* v. *State,* 148 *Ga.* 401 (96 S. E. 862) ; *Ison* v. *State,* 154 *Ga.* 408 (114 S. E. 351) ; *Shafer* v. *State,* 191 *Ga.* 722 (13 S. E. 2d, 798).   A careful reading of the facts and the rulings in those cases fails to sustain the contention of the plaintiff in error.   There are two penal homicides in this State, murder and manslaughter.   Manslaughter is of two kinds, voluntary and involuntary.   Murder, of course, involves malice, express or implied.   Passing from this higher grade, we come to voluntary manslaughter.   This grade is of two types, distinguished by the motivating facts which prompt the act rather than the ends to be obtained; the one being based on passion supposed to be irresistible and the other on the principle of mutual combat.   Both involve the intention to take human life. Intention to kill must be present in both or the homicide would fall in the lower classification of involuntary manslaughter where intention to kill is not present but the killing is occasioned without such intention.   Voluntary manslaughter, under the general law of irresistible passion, involves a broad field and allows the jury a wide range.   Such passion may be aroused from a mutual fist fight, previous difficulty, and many other things which would move a person to take human life because of the passion.   The intention to kill abides with the passion.   The same intention is present under the principle of mutual combat.  The weapons or means used to consummate this intention may vary; they need not always be deadly weapons per se; but the weapons, manner of use, and other circumstances often enter.   Usually there would be no means of manifesting a mutual intention to kill in the absence of a deadly or dangerous weapon with which to effectuate the intention. In all of the cases cited dangerous or deadly weapons were involved, or to the parties of the rencounter apparently were involved.   Of course it is well settled that to the principle of mutual combat as

applied to voluntary manslaughter, it is not essential that both strike blows or shoot.

We think the correct rule is expressed in *Ison* v. *State,* supra, and in *Barton* v. *State, 96 Ga.* 435 (23 S. E. 827).

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*