## 31022. KNIGHT v. THE STATE.

DECIDED MARCH 14, 1946.

*Frank S. Twitty,* for plaintiff in error.

*M. E. O'Neal, solicitor-general, pro tem,* contra.

PER CURIAM. The defendant and the deceased engaged in a quarrel using derogatory words to each other. The use of such words led to a fist fight, whereupon the defendant drew a knife and inflicted with it a mortal wound. He was tried for murder and convicted of voluntary manslaughter. His attorney filed a motion for a new trial on the general grounds and thereafter added several special grounds. All of the special grounds were abandoned except one, alleging reversible error because the court failed to charge the law applicable to mutual combat. To the overruling of the motion for a new trial the defendant excepts.

As to the general grounds, the evidence sustains the verdict.

It is established beyond peradventure that the law applicable to mutual combat presupposes that both the defendant and the victim are equally at fault in the rencounter. Otherwise it could not be mutual. Whether the crime alleged to have been committed is that of murder or assault with intent to murder and the evidence sustains such view, the accused can not legally be acquitted. If death results, and mutual combat is involved, the crime is not murder but voluntary manslaughter under the principle of mutual combat. If death does not result and the offense is that of assault with intent to murder and the facts sustain mutual combat, then in that

event the accused could be convicted, not of assault with intent to murder, but of a lower grade of offense. The gravamen of the error assigned here is that the facts show that the accused and the deceased were engaged in mutual combat, that is, that they mutually agreed to fight it out to the finish—that both intended to kill each other, but that the defendant accomplished his intent to kill the deceased before the deceased killed him, and therefore the court should have charged the principle of law applicable to mutual combat. This position is not tenable. It is evident that, if they both mutually intended to kill each other in mutual combat, and the defendant was more successful in this intent than the deceased, he could not have been acquitted under the law of mutual combat. The only other result could have been to have reduced the crime from murder to manslaughter. This the jury did. So the defendant has no complaint that the court did not charge the law of mutual combat. Many cases are cited to the contrary, but none of them support the theory of able counsel for the defendant.

In *Warnack* v. *State*, 3 *Ga. App.* 590 (60 S. E. 288), the court held that the facts in that case did not involve mutual combat, and the case was reversed on the ground that involuntary manslaughter was involved under the evidence, and the court should have so charged.

In *Powell* v. *State*, 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277), there was a reversal because the court charged the jury that, in order to acquit, they should find that the defendant took the life of the deceased to save his own life, whereas the defendant had the right to kill to prevent a felonious assault upon him.

In *Wilson* v. *State*, 176 *Ga.* 198 (167 S. E. 111), the verdict was murder. The case was reversed because the evidence showed mutual combat, and the court failed to charge on this theory which the evidence demanded.

*Hall* v. *State*, 177 *Ga.* 794 (171 S. E. 274), involved a verdict of murder, and there was a reversal on the ground that the court failed to charge the law of mutual combat, where the evidence demanded such charge.

*Jenkins* v. *State*, 34 *Ga. App.* 688 (131 S. E. 112), involved a verdict of assault with intent to murder. The evidence involved mutual combat. This court reversed the lower court because, under the evidence as to a mutual combat, the law authorized a·lesser verdict than assault with intent to murder.

In *Findley* v. *State*, 125 *Ga.* 579 (54 S. E. 106), the verdict was murder. The evidence demanded and the court failed to charge the law applicable to mutual combat. Under the theory of this case, if mutual combat had been charged, the jury would have been authorized under the evidence to reduce the penalty from murder to manslaughter. We think that this question is dealt with fully in *Cribb* v. *State*, 71 *Ga. App.* 539 (31 S. E. 2d, 248).

Moreover, the present facts did not involve the theory of mutual combat, under the contemplation of the law dealing with that question. A mere fist fight does not involve the law of mutual combat. *Watson* v. *State*, 66 *Ga. App.* 242 (17 S. E. 2d, 559). In the instant case, until the mortal blow was struck there was nothing more than a mutual fist fight.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

MacINTYRE, J., concurring specially. The defendant, Tom Knight, was indicted for the murder of Albert Williams, also known as "Butch" or "Butcher." The defendant was convicted of voluntary manslaughter. His motion for a new trial was overruled, and he excepted. The failure to charge the law of mutual combat as applied to self-defense, which would have authorized a general verdict of not guilty, is not here excepted to. The verdict was voluntary manslaughter, and was thus an acquittal of murder. The exception here is "that the court erred in failing to charge the law of voluntary manslaughter as based upon mutual combat." I think that the contentions of the defendant's counsel are correct. "There was mutual combat where there was a mutual intent to fight, and any act, not justifiable, as actual fighting was done in furtherance of that intent. There need not have been actual blows, but only one, and that the fatal blow." 1 Warren on Homicide, 523, § 110. All the cases cited in the footnote supporting this principle of law are Georgia cases and they are as follows: *Tate* v. *State*, 46 *Ga.* 148; *Ray* v. *State*, 15 *Ga.* 223; *Sapp* v. *State*, 2 *Ga. App.* 449 (58 S. E. 667); *Russell* v. *State*, 88 *Ga.* 297 (14 S. E. 583); *Butler* v. *State*, 92 *Ga.* 601 (19 S. E. 51); *Boalwright* v. *State*, 89 *Ga.* 140 (15 S. E. 21); *Reeves* v. *State*, 2 *Ga. App.* 414 (58 S. E. 548); *Dorsey* v. *State*, 2 *Ga. App.* 228 (58 S. E. 477); *Findley* v. *State*, 125 *Ga.* 579 (54 S. E. 106);

*Lee* v. *State,* 2 *Ga. App.* 481 (58 S. E. 676). See also, in this connection, *Johnson* v. *State,* 173 *Ga.* 734, 742 (161 S. E. 590); 1 Michie on Homicide, § 63, p. 244. Thus, in a mutual combat arising without previous malice, where both parties mutually slap each other with their hands before the defendant draws his knife, and in the heat and fury of the fight he deals a mortal wound, with the purpose of taking life, the offense is only manslaughter. State *v.* McDonnell, 32 Vt. 491; State *v.* Floyd, 51 N. C. 392.

I think that we should keep in mind the distinction between the law of mutual combat as applied to "self-defense," referred to in the Code, § 26-1014, which would authorize a general verdict of not guilty and would acquit the defendant of murder or any lesser offense included in the indictment, and the law of mutual combat as applied to a reduction of the offense from murder to voluntary manslaughter.

In State *v.* Partlow, 90 Mo. 608 (4 S. W. 14, 59 Am. R. 31), it is said: " 'If he (the slayer) provoked the combat . . in order to have a pretext for killing his adversary, or doing him great bodily harm, the killing would be murder, no matter to what extremity he may have been reduced in combat. . . But if he provoked the combat, . . without any felonious intent, intending for instance an ordinary battery [a misdemeanor] merely, the final killing in self-defense will be manslaughter only [based upon mutual combat].' . . 'How far and to what extent he [the slayer] will be excused or excusable in law must depend on the nature and character of the act he was committing, and which produced the necessity that he should defend himself. When his original act was in violation of law, then the law takes that fact into consideration in limiting his right of defense and resistance whilst in the perpetration of such unlawful act. If he was engaged in the commission of a felony, and to prevent its commission, the party seeing it or about to be injured thereby makes a violent assault upon him calculated to produce death or serious bodily harm, and in resisting such attack he slays his assailant, the law would impute the original wrong to the homicide and make it murder. But if the original wrong was or would have been a misdemeanor, then the homicide growing out of or occasioned by it, though in self-defense from any assault made upon him, would be manslaughter under the law.' . . Speaking of *Morley's* case, Lord

Hale said: 'And many who were of opinion that bare words of slighting, disdain, or contumely, would not of themselves make such a provocation as to lessen the crime into manslaughter, yet were of this opinion, that, if A. gives indecent language to B., and B. thereupon strikes A., but not mortally, and then A. strikes B. again, then B. kills A., . . this is but manslaughter, for the second stroke made a new provocation, and so it was but a sudden falling out, and though B. gave the first stroke, and after a blow re-received from A., B. gives him a mortal stroke, this is but manslaughter according to the proverb, the second blow makes the affray; and this was the opinion of myself and some others.' 1 Hale P. C. 456. In *Morley's* case it was agreed that, 'if upon ill-words both of the parties suddenly fight and one kill the other, this is but manslaughter; for it is a combat betwixt two upon a sudden heat, which is the legal description of manslaughter.' 6 How. St. Tr. 769." If on a sudden quarrel the parties upon the spot are suddenly aroused by anger and mutually intend to fight, slap each other, and one of them during the actual fighting stabs and kills the other, it makes no difference who slapped the other first, for under such circumstances the law of mutual combat is involved. If, as here, there is a mutual intent to fight, and both parties are actually fighting at the time the mortal stroke is given, and such fighting is the unjustifiable act which involves the law of mutual combat, and if it is such unjustifiable act that arouses the anger, the crime is reduced to manslaughter. *Johnson* v. *State,* supra; *Powell* v. *State,* 101 *Ga.* 9, 24, 25 (supra); *Haynes* v. *State,* 17 *Ga.* 465, 474; 1 Pleas of the Crown (1st Am. Ed.) 455. See also, in this connection, 1 Wharton's Criminal Law (12th ed.) 659 (12), § 426. With these authorities and legal definitions before us, let us examine the testimony in this case. Under one phase of the evidence, the jury were authorized to find that the deceased was drunk and cursing, that both the deceased and the defendant were quarreling and disputing, and that suddenly both of them began to fight with their hands by slapping each other, and were actually fighting at the time of the fatal stabbing by the defendant. Irrespective of whether the parties slapped each other simultaneously or the deceased the defendant "a little first," it was error for the judge to fail to charge the law of voluntary manslaughter based upon mutual combat. *Wilson* v. *State,*

176 *Ga.* 198 (supra) ; *Hall* v. *State,* 177 *Ga.* 794 (supra) ; *Jenkins* v. *State,* 34 *Ga. App.* 688 (supra) ; *Findley* v. *State,* 125 *Ga.* 579 (supra).

It might be here noted that the fight was not started with a knife, the use of which produced the death. I do not think that mutual combat necessarily means mutual *mortal* combat; I think that where, upon a sudden quarrel, the parties engage in a mere fist fight, and while both are actually engaged in the fist fight, the defendant, under the excitement of such a fight, stabs the deceased with a knife and kills him, there is a mutual combat. Here the jury were authorized to find under one phase of the evidence that there was such a mutual combat; and in this view of the evidence, it was error for the judge to fail to charge the law of voluntary manslaughter based upon mutual combat. However, while it was error for the judge to fail to charge the law of voluntary manslaughter based upon mutual combat, the error was harmless, in that if the jury had found in favor of mutual combat and had followed the rule of law as it relates to voluntary manslaughter based upon mutual combat, the verdict would have still been the same, to wit, voluntary manslaughter. See, in this connection, *Maddox* v. *State,* 58 *Ga. App.* 450 (198 S. E. 799).

I also think that the evidence authorized the verdict.