31195. SHAFER *v.* THE STATE.

DECIDED APRIL 16, 1946.

*Robert T. Speer,* for plaintiff in error.

*E. E. Andrews, solicitor-general, J. W. LeCraw, Durwood T. Pye,* contra.

BROYLES, C. J. Ben Shafer was tried on an indictment for murder, and was convicted of voluntary manslaughter. His motion for a new trial, consisting of the general grounds and three special grounds, was overruled, and error is assigned on that judgment. On the first trial of this case, he was convicted of murder, and the judgment was reversed by the Supreme Court on the ground that the court had erred in failing to charge the jury "upon the subject of voluntary manslaughter as based upon the theory of mutual combat or mutual intention to fight." *Shafer* v. *State,* 191 *Ga.* 722 (13 S. E. 2d, 798). On the second trial, Shafer was again•convicted of murder, and again the Supreme Court (193 *Ga.* 748, 20 S. E. 2d, 34) reversed the judgment upon the same ground stated in its decision in *Shafer* v. *State,* supra. In the second decision of the Supreme Court, the evidence was set forth in extenso and we do not think it necessary to repeat it here. On the trial now under review the evidence was substantially the same as that upon the second trial, and while conflicting, was sufficient to authorize the 'verdict of voluntary manslaughter. Both decisions of the Supreme Court established as the law of the case that voluntary manslaughter based upon the theory of mutual combat or mutual intention to fight was involved in the case. On the present appeal, there is no exception to any part of the court's charge, or to the charge as a whole.

None of the three special grounds of the motion for a new trial is complete and understandable within itself, and in order to ascertain whether error had been committed, this court would have to refer to the brief of the evidence or to other parts of the record. Therefore, under repeated decisions of the Supreme Court and this court, the special grounds are too defective to be considered.

The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*