## 34494. McKIBBEN *v.* THE STATE.

DECIDED JUNE 23, 1953.

470

*A. Tate Conyers*, for plaintiff in error.

*Paul Webb*, Solicitor-General, *Jeptha C. Tanksley, Charlie O. Murphy*, contra.

CARLISLE, J. █ Counsel for the State contend that, even though the court's charges on the theories of justification may have been erroneous—which they do not concede—under this court's rulings in *Lewis* v. *State*, 79 *Ga. App.* 326 (53 S. E. 2d 590), *Davis* v. *State*, 76 *Ga. App.* 427 (46 S. E. 2d 520), *Cribb* v.

*State,* 71 *Ga. App.* 539 (31 S. E. 2d 248), there was no error in the trial court's refusal to grant the motion for new trial, based upon those allegedly erroneous charges on justification, for the reason that where, in a trial for murder, there are any errors in charging justification under Code §§ 26-1011, 26-1012, or 26-1014, such errors are not reversible ones if the verdict returned is one for voluntary manslaughter; that is, as we understand the contention, any such errors are cured by the verdict of voluntary manslaughter. Properly limited and restricted, the principle here contended for might be applicable under the special facts of certain cases, but as a broad general principle applicable in all cases, such principle is not the law of this State as we understand it.

If under the facts of a case in which the defendant is charged with murder, a charge or charges on justification be authorized, and the court charges erroneously on the defense or defenses, no verdict less than one of acquittal could cure such error or errors.

If the evidence in a murder trial does not authorize a charge on the subject of justification, it is not, of course, erroneous to omit to charge on the subject. *Miller* v. *State,* 139 *Ga.* 716 (4) (78 S. E. 181); *Benjamin* v. *State,* 150 *Ga.* 78 (2) (102 S. E. 427); *Turner* v. *State,* 190 *Ga.* 316 (9 S. E. 2d 270).

If the issue of justification is raised by the defendant's statement alone, it is not error to omit to charge on the issue in the absence of a timely written request so to do. *Baker* v. *State,* 111 *Ga.* 141 (2) (36 S. E. 607); *Turner* v. *State,* supra.

If the issue of justification is not raised by the evidence or the defendant's statement, but, nevertheless, the court charges, either correctly or incorrectly, on justification, the defendant cannot complain, as the court under these circumstances has given or attempted to give the defendant the benefit of a defense to which he was not entitled. *Smith* v. *State,* 203 *Ga.* 317, 322 (46 S. E. 2d 583).

There is another class of cases, where the element of mutual combat is involved, in which it has been held that a failure to charge on such element or an erroneous charge on it is harmless where the verdict is for voluntary manslaughter. *Knight* v. *State,* 73 *Ga. App.* 556 (37 S. E. 2d 435); *Lewis* v. *State,* supra.

But that class of cases must not be confused with those in-

volving mutual combat as applied to self-defense. As was said by MacIntyre, J., in his special concurrence in the *Knight* case, supra: "We should keep in mind the distinction between the law of mutual combat as applied to 'self-defense,' referred to in the Code, § 26-1014, which would authorize a general verdict of not guilty and would acquit the defendant of murder or any lesser offense included in the indictment, and the law of mutual combat as applied to a reduction of the offense from murder to voluntary manslaughter." If, under the facts of a case, a charge on mutual combat as applied to self-defense (Code § 26-1014) is required, and the court fails so to charge or charges erroneously, a verdict of voluntary manslaughter would not cure the error. Nor would such a verdict cure an erroneous charge, or a failure to charge, on the theories of justification contained in Code §§ 26-1011, 26-1012, or 26-1013, where those theories were involved under the facts of a given case.

While the theory of justification (the defendant's sole defense) is raised alone by the defendant's statement to the jury, the court undertook to charge each of the section of the Code involving that theory—namely, Code §§ 26-1011, 26-1012, 26-1013, and 26-1014; and since, under the defendant's statement, the jury was authorized to find that each of the theories of justification contained in those sections of the Code was applicable, and to find the defendant not guilty if applicable, it was incumbent upon the court, if it charged at all upon the theories of justification, to charge those principles of law correctly. As is illustrated by the portion of the court's charge quoted in the statement of fact from special ground 2, the charge as given was calculated, in the absence of any explanation of the distinctions existing between the various sections, to confuse the jury and deprive the defendant of his defenses under Code §§ 26-1011 and 26-1012, by the manner in which the court charged Code §§ 26-1013 and 26-1014. To do as was done by the court in this case—commingle the sections—has been adjudicated repeatedly by the Supreme Court to be reversible error. *Franklin* v. *State,* 146 *Ga.* 40 (90 S. E. 480); *Boatright* v. *State,* 162 *Ga.* 378 (4) (134 S. E. 91); *Little* v. *State,* 164 *Ga.* 509 (5) (139 S. E. 37); *McCray* v. *State,* 134 *Ga.* 416 (13) (68 S. E. 62); and the numerous citations in each of such cases. In

each of those cases we might point out that the verdict was for murder, but the language of the Supreme Court, in admonishing the trial courts not to confuse or commingle the various sections on justifiable homicide in such fashion as to deprive the accused of his defense under either of them, is very forceful and for that reason they have been cited here, as we think the admonition there is just as applicable here even though the verdict here was for voluntary manslaughter, and that this is true is illustrated by the following cases:

In *Powell* v. *State*, 101 *Ga.* 9 (7) (29 S. E. 309), involving an indictment for murder but a conviction of voluntary manslaughter, the court, in an exhaustive and illuminating opinion, held that, where the trial court in its charge to the jury so commingled the two defenses of justification contained in Code §§ 26-1011 and 26-1014 as to confuse the jury and cause the jury to believe that it was necessary for the defendant to show, under all circumstances, that it was necessary, to save his own life, to take that of the deceased, the defendant was entitled to a new trial.

In *Pugh* v. *State*, 114 *Ga.* 16 (39 S. E. 875), involving an indictment for murder but a conviction of voluntary manslaughter, it was again held that commingling the two theories of justification contained in Code §§ 26-1011 and 26-1014 "deprived the defendant of the right to rely upon justification of the killing under the fears of a reasonable man."

In *Roberts* v. *State*, 114 *Ga.* 450 (40 S. E. 297), involving an indictment for murder but a conviction of voluntary manslaughter, it was held that the failure to give in charge the doctrine of reasonable fears as it related to the accused's defense of justification demanded the grant of a new trial.

In *Dunn* v. *State*, 16 *Ga. App.* 9 (6) (84 S. E. 488), involving an indictment for murder but a conviction of voluntary manslaughter, a new trial was granted for commingling the defenses of justification, and the court there said: "In cases where the defense of the accused rests only upon the contention that the homicide was committed under the fears of a reasonable man, the principle relative to urgent and pressing danger, embodied in section 73 [Code § 26-1014] should not be given in charge."

In *Ellis* v. *State*, 21 *Ga. App.* 499 (94 S. E. 629), involving an

indictment for murder but a conviction of voluntary manslaughter, each of the theories of justifiable homicide, embodied in Code §§ 26-1011, 26-1012, and 26-1014, was given in charge to the jury, but without appropriate instructions explanatory of when the theory contained in Code § 26-1014 would be applicable, and the court reversed the conviction of voluntary manslaughter for that error.

In *White* v. *State*, 24 *Ga. App.* 122 (100 S. E. 9), involving an indictment for murder but a conviction of voluntary manslaughter, the conviction was reversed for commingling the theories of justification embodied in Code §§ 26-1011, 26-1012, and 26-1014.

In *Farr* v. *State*, 83 *Ga. App.* 855 (65 S. E. 2d 270), involving an indictment for murder but a conviction of voluntary manslaughter, the conviction was reversed for the same error present in the cases cited above and in the present case.

From the foregoing decisions—both those involving convictions of murder and those involving convictions of voluntary manslaughter—we apprehend that an erroneous charge or a failure to charge on the accused's defense or defenses of justifiable homicide is not cured by a verdict finding the accused guilty of some lesser grade of offense than murder. And, since the decisions of the Supreme Court are binding on this court without question, and the older decisions of this court are binding on this court until reversed or overruled by the Supreme Court or overruled by this court, we must adhere to the authority of those cases which we think state the correct principle of law. Anything to the contrary which may have been ruled by this court in *Cribb* v. *State*, supra, *Davis* v. *State*, supra, and *Lewis* v. *State*, supra, must yield to the older authorities.

■ The court's instructions on the subject of justifiable homicide in this case were calculated to confuse the jury and to deprive the defendant of his defenses under Code §§ 26-1011 and 26-1012, and for that reason a new trial is mandatory and the trial court erred in overruling the motion for new trial.

■ Since the case must go back for a new trial, it is unnecessary to pass upon the other assignments of error, which are not likely to recur on such trial, but we might say in passing that the court should not confuse the defense of justifiable homicide contained in Code § 26-1011 with that contained in Code § 26-

1013, as was done in that portion of the charge quoted in the statement of fact from special ground 1.

*Judgment reversed.   Townsend, J., concurs.   Gardner, P. J., concurs in the judgment of reversal.*