36092. PATTON *v.* THE STATE.

Decided March 14, 1956.

576

*Stafford R. Brooke,* for plaintiff in error.

*Erwin Mitchell, Solicitor-General,* contra.

GARDNER, P. J. ■ Code § 26-1014 provides as follows: "If a person shall kill another in his defense, it must appear that the danger was so urgent and pressing at the time of the killing, that, in order to save his own life, the killing of the other was absolutely necessary; and it must appear, also, that the person killed was the assailant, or that the slayer had really and in good faith endeavored to decline any further struggle before the mortal blow was given." In *McKibben* v. *State,* 88 *Ga. App.* 466, 472 (77 S. E. 2d 86) the court stated: "If, under the facts of a case, a charge on mutual combat as applied to self-defense (Code § 26-1014) is required, and the court fails so to charge or charges erroneously, a verdict of voluntary manslaughter would not cure the error. Nor would such a verdict cure an erroneous charge, or a failure to charge, on the theories of justification contained in Code §§ 26-1011, 26-1012, or 26-1013, where those theories were involved under the fact of a given case." In *Bivens* v. *State,* 200 *Ga.* 729, 734 (38 S. E. 2d 273) it is stated that the provisions of Code § 26-1014 apply "only to self-defense in cases of mutual combat." The court here did not charge the provisions of Code § 26-1014, and error is assigned on his failure to give the defendant the benefit of this provision of law under the facts of the case,

which showed at least some evidence of mutual combat, and which might have authorized a finding that the defendant's associate, Herman Ledford, fired only after the deceased had fired upon him. The court did charge, "Reluctance, or fighting to repel an unprovoked attack is self-defense, and is authorized by the law, and should not be confused with mutual combat." The court thus effectively deprived the defendant of any defense under the law of self-defense in cases of mutual combat. Upon the previous appearance of this case this court held: "Under this conflicting evidence, all the facts and circumstances were such as to require the court to charge on Code § 26-1014 and to leave the defense of justifiable homicide, in cases where both parties are at fault but the defendant thereafter declines further struggle and kills under the absolute necessity of saving his own life, for the jury's consideration along with the other elements in the case." Accordingly, the failure of the court to charge the principle of law contained in Code § 26-1014 requires a reversal of the case, notwithstanding the court did charge on mutual combat in relation to reduction of the crime from murder to voluntary manslaughter, as these are separate defenses and not to be commingled. What is said here makes it unnecessary to pass upon the 3rd special ground of the amended motion for a new trial, since it is there complained that the court charged the principles of mutual combat as related to justifiable homicide and mutual combat as related to voluntary manslaughter in such manner as to confuse and mislead the jury. The court did correctly charge on the latter principle of law, but failed to charge on the former, and therefore failed to instruct the jury as to mutual combat, under the different constructions which the jury might give to the evidence in the case, so as to distinguish these defenses in their mind, while giving the defendant the benefit of both.

█ The general grounds of the motion for a new trial and the first special ground, which is but an amplification thereof, are considered together. It is contended that the evidence demanded a verdict of acquittal because, upon the first trial of this case, this court used the language: "Thereafter, when they entered the house and deceased stepped from behind the door, two of these defendants dropped their guns on command, and must be held at that moment to have 'really and in good faith endeavored to decline

any further struggle.' " This language was used in connection with various constructions which the jury would have been authorized to give to the evidence which would have made the provisions of Code § 26-1014 applicable, and was not intended as any finding that, as a matter of law, the defendant was entitled to an acquittal. He was so entitled if the jury found/that his act in throwing down the gun was a voluntary relinquishment of the quarrel, a withdrawal from any further participation on the part of himself and his companions. He was not so entitled if the jury found the act to be, not voluntary, but because a weapon was pointed at him so that he had no alternative, or perhaps because he relied upon his associates to continue the fight, or hoped to aid them by creating a diversion. We do not, however, pass upon the general grounds other than to clear up what appears to have been a misconception in the mind of counsel as to our former language which, because of its lack of clarity, lent itself to a wrong construction.

The trial court erred in denying the motion for a new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*